FILED
AUG 27 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEAN AND MILDRED ANTOINE<br>11301 Classical Lane<br>Silver Spring, MD 20901<br><br>　　　　Plaintiffs<br><br>　　　　V.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>**Trustee for SG Mortgage Securities, LLC**<br>425 Walnut Street<br>Cincinnati, OH 45202<br>**SG MORTGAGE SECURITIES, LLC**<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801<br>**WELLS FARGO BANK NATIONAL ASSOCIATION**<br>CSC-Lawyers Incorporating Service Company<br>11 E Chase Street<br>Baltimore, MD 21202<br>**AMERICA'S SERVICING COMPANY DBA ASC**<br>CSC-Lawyers Incorporating Service Company<br>11 E Chase Street<br>Baltimore, MD 21202<br>**DRAPER & GOLDBERG, P.L.L.C.**<br>803 Sycolin Road, Ste 301<br>Leesburg, VA 20175<br>**DARREN GOLDBERG**<br>803 Sycolin Road, Ste 301<br>Leesburg, VA 20175<br>**RITA TING-HOOPER**<br>803 Sycolin Road, Ste 301<br>Leesburg, VA 20175<br><br>　　　　Defendants | ) CASE NO: _____<br><br>Case: 1:07-cv-01518<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 8/27/2007<br>Description: General Civil<br><br>**JURY ACTION** |

## COMPLAINT

(Violation of Real Estate Settlement Procedures Act (RESPA), Breach of Contract, Breach of Fiduciary Duty, Fraud, Violation of the Fair Debt Collection Practice Act, and District of Columbia Consumer Protection Act).

## JURY TRIAL DEMAND

Plaintiffs Jean and Mildred Antoine by and though their counsel hereby files this Complaint against Defendants U.S. Bank National Association, Trustee for SG Mortgage Securities, LLC, SG Mortgage Securities, LLC, Wells Fargo Bank National Association, America's Servicing Company DBA ASC, Draper & Goldberg, P.L.L.C., Darren Goldberg, and Rita Ting-Hooper to recover statutory and actual violations, court costs, litigation expenses and attorney's fees based on violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S. C. 2605, Fair Debt Collection Practices Act (FDCP), 15 U.S.C. 1692, Breach of Contract, Breach of Fiduciary Duty, Fraud, and the District of Columbia Consumer Protection Practice Act( D.C. Code §28-3901) and states as follows:

## PARTIES

1. Plaintiffs Jean and Mildred Antoine are the owners of the real property located at 3196 18th Street, NE, Washington, D.C. 20018.

2. Defendant U.S. Bank National Association is the Trustee for SG Mortgage Securities

and is a Financial Institution that has its principal headquarters in Cincinnati, Ohio. U.S. Bank National Association may be served with process upon its Attorney, Draper & Goldberg, PLLC at 803 Sycolin Road, Suite 301, Leesburg, Virginia 20175.

3. Defendant SG Mortgage Securities is a Foreign Limited Liability Company that has its principal headquarters at 1221 Avenue of the Americas, New York, NY and process of service can be served upon its' resident agent, the Corporation Trust Company in Wilmington, Delaware.

4. Defendant Wells Fargo Bank National Association is a Financial Institution that has its principal headquarters in San Francisco, CA but may be served with process upon upon CSC-Lawyers Incorporating Service Company in Baltimore, MD

5. Defendant America's Servicing Company DBA ASC is a mortgage serving company and is a subsidiary of Wells Fargo Bank, N.A. Defendant ASC may be served with process upon CSC-Lawyers Incorporating Service Company in Baltimore, MD.

6. Defendant Draper and Goldberg, P.L.L.C. is a Professional Limited Liability Company and a debt collector that is located at 803 Sycolin Road, Suite 301, Leesburg, Virginia 20175. This complaint can be delivered to Draper and Goldberg,PLLC's resident agent, David W. Draper, Jr. in Leesburg, Virginia 20175.

7. Defendant Darren Goldberg is a Partner with the Law firm of Draper and Goldberg, P.L.L.C.

8. Defendant Rita Ting-Hooper is a Partner with the Law firm of Draper and Goldberg.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S. C. 1331, 12 USC 2605,15 U.S. C. §1692.

3

4. Venue is proper in this judicial district and this Division pursuant to 28 U.S.C. §1391, in that acts and omissions of Defendant alleged below were committed within Washington, District of Columbia and within the geographical limits of the District of Columbia Division of this Court. The real property that is the subject of this Complaint in located in Washington, District of Columbia.

## ALLEGATIONS OF FACT COMMON TO ALL CLAIMS

5. At all times relevant hereto, SG Mortgage Securities was in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

6. On or about April 26, 2006, the Plaintiffs entered into a consumer credit transaction with Fremont Investment and Loan to purchase real property located at 3196 18th Street, NE, Washington, D.C. This transaction included the signing of a promissory note and it was subjected to a finance charge. This transaction was subjected to RESPA, TILA, Regulation Z, and RESPA. Brennan Title Company was listed as the Trustee and MERS was listed as the nominee for Lender and Lender's successors and assigns.

7. The Plaintiffs obtained both a first and a second mortgage on the real property. The first mortgage was identified as loan number 5000213286 and the second mortgage was identified as loan number 5000213347.

8. The notes were payable on the first of the month and no later than the 16th day of the month. At the time of the purchase of the real property, the Plaintiffs were planning to make this real property their primary residence. However, because of the problems they incurred with respect to the Defendants servicing and collection of the loan, Plaintiffs attempted to sell the property.

4

9. On or around August 2006, Fremont Investment and Loan Company sold the Plaintiffs' mortgage to SG Mortgage Securities, LLC and Wells Fargo Bank, NA was designated as the Master Servicer and the Interim Trustee. Wells Fargo Bank, NA delegated its servicing functions to its' subsidiary America's Servicing Company dba ASC..

10. The Plaintiffs received a letter from ASC on or around September 16, 2006 that indicated that it was the new server for their mortgage account. ASC indicated that the new loan number for the Plaintiffs' first mortgage was # 2392010088 and the new number for the second mortgage was #1292010098. ASC failed to indicate to the Plaintiffs that Fremont had sold their mortgage to SG Securities, LLC and failed to provide the required 15 day notice to the Plaintiffs regarding the new service agreement.

11. Plaintiffs made their September mortgage payment via telephone to Fremont Investment & Loan Company on or around the latter part of August 2006. Plaintiffs mailed their October 2006 payments on around October 5, 2006 and their November mortgage payments on or around November 3, 2006. However, on or around November 5, 2006 Plaintiffs received a letter dated October 23, 2006 from ASC. ASC indicated that Plaintiffs first and second mortgage was in default and to avoid the possibility of acceleration, it had to submit the total amount of delinquency for both loans by October 31, 2006.

12. Plaintiffs contacted ASC to determine its rationale for holding their mortgage loans in default. ASC stated that it was returning Plaintiffs payments for October and November 2006 because the payments had to be in certified funds. Also, ASC indicated to Plaintiffs that substantial late fees and other default charges had accrued on both loans and thus, in order to prevent acceleration, the Plaintiff needed to submit total payments in certified funds.

13. Plaintiffs disagreed with the additional charges and alleged default fees. Thus, on or around November 10, 2006, Plaintiffs disputed the additional charges and fees in writing and requested ASC to provide them with a total accounting of their mortgage account and to justify the assessment of late charges and fees and the reason why their personal check payments were not accepted.

14. ASC never responded to the Plaintiffs' written correspondence. Plaintiffs also made several telephone calls to ASC. ASC personnel refused to provide the Plaintiffs with any payment information or account information and stated that the Plaintiffs loan accounts were in pre-foreclosure and thus, ASC could not provide any additional information.

15. On or around December 28, 2006, Plaintiffs received a letter dated December 22, 2006 from Draper & Goldberg, PLLC (**Exhibit 1**)indicating that America's Servicing Company (ASC) requested it to foreclose on their real property located at 3196 18th Street, NE, Washington, DC 20018. Also, attached was a Foreclosure notice that indicated that the minimum balance required to cure the default obligations prior to sale and pursuant to D.C. Law 5-82 was $10,658.92. The Foreclose Notice also indicated that the sale would take place on February 1, 2007 at 10:03 am at the office of Alex Cooper Auctioneers, Inc. and L. Darren Goldberg, Esq. was the designated person to contact to stop the foreclosure sale.

16. On or around the First week of January 2007, Plaintiffs counsel contacted Draper and Goldberg to dispute the pending foreclosure proceeding and to request an accounting of the Plaintiffs' mortgage account. A Draper and Goldberg indicated that Plaintiff should remit $13,195.68 to reinstate the first mortgage and $3,799.02 to cure the second mortgage. Plaintiffs' counsel requested the reinstatement amounts to be presented in writing and mailed to

her attention. Also, Plaintiffs' counsel requested Draper and Goldberg to submit future correspondence directly to her attention and to cease correspondence with the Plaintiffs.

17. Draper and Goldberg failed to remitted a written statement regarding the alleged reinstatement figures. Thus, on January 29, 2007, Plaintiffs submitted $13,195.68 for the first mortgage directly to Draper and Goldberg. On February 5, 2007, Plaintiffs remitted $3,799.02 to bring the second mortgage current. The Plaintiffs mailed their mortgage payments by Federal express mail and by cashiers checks. On January 29, 2007, Plaintiffs filed a Petition for a permanent injunction against SG Mortgage Securities, LLC in the Superior Court for the District of Columbia.

18. However, on January 30, 2007, Defendant Draper and Goldberg mailed a Notice of Foreclosure to the Plaintiffs at the real property address in Washington, D.C. The Foreclosure Notice indicated that the foreclosure sale would occur on February 1, 2007 at 10:03 am in Washington, D.C.

18. On February 1, 2007, the Superior Court granted a temporary restraining order until February 16, 2007. On February 16, 2007, the Court extended the temporary restraining order in favor of the Plaintiffs that stayed the foreclosure action for sixty days (60) or until this matter was resolved.

19. Even though the Plaintiffs temporary restraining order was still in effect, On April 30, 2007, Defendant Draper & Goldberg mailed a second Notice of Foreclosure to the Plaintiffs (**Exhibit 2**). This notice was mailed to the address of the real property at 3196 18th Street, NE, Washington, D. C. 20018. Also, the Notice indicated that the Plaintiffs' real property would be sold on June 7, 2007.

20. On May 31, 2007, the Petitioners filed its first Contempt Motion and requested an emergency hearing. However, the Court did not schedule an emergency hearing.

21. Defendant foreclosed on the Plaintiffs' real property on June 7, 2007 even though the Plaintiffs made timely payments on the mortgage that secured the real property. Plaintiffs were not in default of their mortgage loans and the temporary restraining order was still in effect.

22. As a result of Defendants actions, the Plaintiffs incurred mounting legal fees, court cost, extreme financial losses, negative credit reports and credit scores, mental and physical pain and anguish, negative credit reports and extremely low credit scores that has prevented the Plaintiffs from obtaining favorable interest rates and other damages.

## COUNT I

### (Violation of Real Estate Settlement Procedure Act (RESPA), 12 USC 2605 Defendants SG Mortgage Securities,LLC, Wells Fargo Bank and ASC)

23. Plaintiffs re-alleges the averments of all the preceding paragraphs of this Complaint and incorporates them herein

24. Defendant SG Mortgage Securities, LLC purchased Plaintiffs mortgages from Fremont Investment & Loan on or around August 6, 2007. This transaction also transferred the serving loan obligations to Wells Fargo Bank, NA. Defendant Wells Fargo delegated its serving obligations to its subsidary entity, ASC (America's Servicing Company).

25. The mortgages obtained by the Plaintiffs were federal related mortgage loans.

26. Section 6 and 10 of RESPA provides that the loan servicer is required to notify the

borrowers in writing at least 15 days before the servicing of the loan is transferred to a new servicer. RESPA also requires that certain information be included in such notice that includes inter alia a statement that the transfer of servicing does not affect any term or condition of the mortgage documents other than the terms directly related to the servicing of the loan.

27. REISPA further provides that during the the 60-day period beginning on the effective date of the transfer, the payment may not be treated as late if the payments are sent to the old mortgage servicer instead of the new one. If the servicer of a federally related mortgage loan receives a qualified written request from the borrower for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days unless the action requested is taken within such period. Also, during the 60 day period beginning on the date of the servicer's receipt from the borrower of a written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by any borrower and relating to such period or qualified written request.

28. Defendant SG Mortgage Securities failed to notify the Plaintiffs that it had purchased their mortgage loans. Also, Defendant Wells Fargo and ASC failed to notify Plaintiffs in writing within 15 days before the servicing of the loan. Defendant Wells Fargo and ASC also failed to respond to the Plaintiffs written request regarding the late fees and other charges that the Defendants assessed against their accounts in its October 23, 2007 letter. Defendants Wells Fargo and ASC also reported the alleged late payments and overdue charges to various consumer reporting agencies in violation of RESPA.

29. As a result of Defendants' violations of RESPA, , the Plaintiffs incurred mounting

legal fees, court cost, extreme financial losses, negative credit reports and credit scores, mental and physical pain and anguish, negative credit reports and extremely low credit scores that has prevented the Plaintiffs from obtaining favorable interest rates and other damages.

## COUNT II

(Breach of Contract - Defendant SG Mortgage Securities, LLC, US Bank National Association, Trustee for SG Mortgage Securities, Wells Fargo Bank and ASC)

30. Plaintiffs re-alleges the averments of all the preceding paragraphs of this Complaint and incorporates them herein.

31. Defendants SG Mortgage Securities, LLC, US Bank National Association, Trustee for SG Mortgage Securities, Wells Fargo Bank and ASC breached the Purchase Money Trust Agreement that the Plaintiffs entered into on April 26, 2006. Beginning in October 2006, Defendants SG Mortgage Securities, LLC, Mortgage Securities, LLC, US Bank National Association, Wells Fargo Bank and ASC failed to accept the Plaintiffs' loan payments because the payments were made on the Plaintiffs' personal checking account. Also, Defendants beginning in November 2006 begun to charge the Plaintiffs default fees and expenses even though the Plaintiffs were not in default of their loan. On December 22, 2006, Defendants accelerated Plaintiffs loan even though Defendants had previously breached the agreement by failing to adequately credit the Plaintiffs' payment to their loan accounts and the Plaintiffs were not in default.

32. Defendants also breached the Purchase Money Agreement by foreclosing on the Plaintiffs' real property even though the Plaintiffs were current on their payments and there was a current temporary restraining order that prevented the Defendants from foreclosing on the

10

property.

33. As a result of Defendants' actions, the Plaintiffs lost their real property3) located at 3196 18th Street, NE, Washington, D.C., incurred mounting legal fees, court cost, extreme financial losses, negative credit reports and credit scores, mental and physical pain and anguish, negative credit reports and extremely low credit scores that has prevented the Plaintiffs from obtaining favorable interest rates and other damages.

## COUNT III

(Violation of Fair Debt Collection Practice Act (15 U.S.C. § 1692) - Defendants Draper & Goldberg, PLLC, Darren Goldberg, Esq)

34. Plaintiffs re-alleges the averments of all the preceding paragraphs of this Complaint and incorporates them herein

35. The Note and Mortgage that Plaintiffs signed on April 26, 2006 represented a debt within the meaning of 15 USC 1692, et seq. The debt was incurred for personal, family or household services, i.e, a purchase money mortgage for real property located at 3196 18th Street, NE, Washington, D.C.

36. Defendant Darren Goldberg and Draper and Goldberg were retained by Defendant Wells Fargo Bank, ASC, SG Mortgage Securities and US Bank, NA (Trustee for SG Mortgage Securities) to collect the Note by making demands for payment and by foreclosing on the Mortgage on Plaintiffs real property.

37. On or around the first week of January 2007, in response to Defendants December 22, 2006 letter, Plaintiffs counsel prepared a letter on Plaintiffs behalf disputing the validity of the debt and requested that Defendants verify the debt with

ASC as required by the Fair Debt Collection Practices Act. Defendant orally gave Plaintiffs' counsel the reinstatement amount but failed to provide the information in writing. Plaintiffs remitted the reinstatement amount for the first mortgage on January 29, 2007 and remitted funds for the second mortgage on February 5, 2007. Plaintiffs' counsel also requested Defendants to cease all communication with the Plaintiffs.

38. Defendants failed remit the reinstatement amount in writing. Thus, Plaintiff filed a complaint in the Superior Court for the District of Columbia on January 29, 2007 to obtain a temporary restraining order and a Permanent Injunction to prevent Defendants from foreclosing on their real property.

39. In spite of Plaintiffs dispute and the Temporary Restraining Order issued by the Court, Defendants instituted a foreclosure action against the Plaintiffs on behalf of US Bank, NA Trustee to SG Mortgage Securities, LLC and SG Mortgage Securities on June 7, 2007.

40. Defendants also continued to communicate with the Plaintiffs even though Plaintiffs counsel request Defendant to cease communication.

41. Defendant failed to Plaintiffs counsel written verification of the alleged debt.

42. Defendants violated the Fair Debt Collection Practices Act. Defendants violations include but are not limited to the following:

(a) Defendants violated 15 U.S. C. § U.S.C. (g)(b) in failing to verify the debt with Defendants' US Bank, NA, Trustee for SG Mortgage Securities, Wells Fargo or ASC. or submit information to Plaintiffs counsel that verified the debt.

(b) Defendants violated 15 U.S. C. 1692 by failing to remit payments to Defendant ASC that it received directly from Plaintiffs on January 30, 2007.

(c) Defendants violated 15 U.S.C. 1692 by communicating directly to the Plaintiffs when they knew that Plaintiffs were represented by an attorney with respect to the alleged debt.

(d) Defendants violated 15 U.S. C. §1692(g)(b) in failing to cease collection of the debt and in violation of the Temporary Restraining Order and instead filed a foreclosure proceeding in Washington, D.C.

43. As a result of the acts alleged above, the Plaintiffs incurred legal fees of $18, 525.00 to defend and resolve the foreclosure action in this matter, court cost, extreme financial losses, negative credit reports and credit scores, mental and physical pain and anguish, negative credit reports and extremely low credit scores that has prevented the Plaintiffs from obtaining favorable interest rates and other damages

### COUNT IV

(Fraud, Intentional Misrepresentation- Defendant Rita Ting-Hopper,Esq., Darren Goldberg, Esq., SG Mortgage Securities, LLC)

44. Plaintiffs re-alleges the averments of all the preceding paragraphs of this Complaint and incorporates them herein:

45. Defendant Rita Ting-Hooper provided misleading and false information regarding the funds that Plaintiffs submitted directly to Defendant Draper & Goldberg, PLLC.

46. Defendant SG Mortgage Securities failed to record the purchase agreement when it purchased the Plaintiffs real property mortgage loans from Fremont Investment and Loan Company on or around August 2006. Thus, it appeared that SG Mortgage was attempting to prevent the Plaintiffs from knowing the proper holder of their mortgage in order to escape '

liability.

47. Defendants Darren Goldberg and Draper and Goldberg, PLLC illegally initiated foreclosure proceedings against the Plaintiffs in December 2006 and foreclose on Plaintiffs real property on June 7, 2007 in order to obtain legal and collection fees even though they knew or should have known that the Plaintiffs were not in default on their mortgage loans.

48. Defendants Darren Goldberg and Draper and Goldberg, PLLC provided misleading and information regarding funds that it allegedly returned to the Plaintiffs.

49. Defendant ASC falsely and intentionally rejected or placed Plaintiffs 2007 mortgage payments in suspense in order to make it appear that the Plaintiffs were in default of their mortgage loan obligations and thus, falsified the certification of the foreclosure of the Plaintiffs real property.

50 Defendant ASC provided false and misleading information regarding funds that it returned to the Plaintiffs in order to falsify the certification of the foreclosure of the Plaintiffs real property.

51. As a result of the acts alleged above, the Plaintiffs incurred legal fees of $18, 525.00 to defend and resolve the foreclosure action in this matter, court cost, extreme financial losses, negative credit reports and credit scores, mental pain and anguish, negative credit reports and extremely low credit scores that has prevented the Plaintiffs from obtaining favorable interest rates and other damages.

## COUNT V

(Violation of District of Columbia Consumer Protection Act (D.C. Code §28-3904) - Defendants ASC, Wells Fargo Bank, NA, U.S. Bank National Association, Trustee for SG Mortgage, Securities, SG Mortgage Mortgage Securities, and Draper & Goldberg, PLLC)

52. Plaintiffs re-alleges the averments of all the preceding paragraphs of this Complaint and incorporates them herein.

53. Defendants each used false, deceptive, misleading information and unfair practices in the course of its efforts to enforce and collect the debt owed by the Plaintiffs in violation of the D.C. Consumer Protection Procedure Act ' including but not limited too:

A. Misleading the Plaintiffs concerning their rights to dispute the debt.

B. Misleading the Plaintiffs by failing to provide them adequate notice that their mortgage loan accounts were sold to SG Mortgage Securities, LLC.

C. Misleading the Plaintiffs by accelerating the mortgage notes and delegating its rights by Defendant US Bank, NA even though the Plaintiffs were not in default.

D. Misleading the Plaintiffs by failing to record the purchase of Plaintiffs mortgage notes by SG Mortgage Securities, LLC.

E. Misleading the Plaintiffs by failing to have a resident agent in the District of Columbia where the real property is located.

F. Making false and misleading statements as to the Plaintiffs payment history on their mortgage loan accounts.

G. Violating the Superior Court Temporary Restraining Order and proceeding with the

15

Foreclosure sale.

54. As a result of the acts alleged above, the Plaintiffs incurred legal fees of $18,525.00 to defend and resolve the foreclosure action in this matter, court cost, extreme financial losses, negative credit reports and credit scores, mental physical pain and anguish, negative credit reports and extremely low credit scores that has prevented the Plaintiffs from obtaining favorable interest rates and other damages.

**WHEREFORE**, the Plaintiffs Jean and Mildred Antoine demands judgment against the Defendants US Bank, NA( Trustee for SG Mortgage Securities, LLC, SG Mortgage Securities, Wells Fargo Bank, NA, ASC (America's Servicing Company), Draper and Goldberg, PLLC, Darren Goldberg, and Rita Ting-Hooper, jointly and or severally for all of their claims presented in this complaint, including statutory and compensatory damages in an amount to be determined at trial but believed to exceed Two Million, Five Hundred Dollars ($2,500,000.00); Plaintiffs' costs in this action; its reasonable attorney's fees; and such other further relief as justice requires.

We Jean and Mildred Antoine acknowledge that the above information is correct and true to the best of our knowledge and information.

__08-27-07__
Date

__08-27-07__
Date

_____
Jean Antoine

_____
Mildred Antoine

Respectfully,

_____
L. Saundra White
Federal Bar # MD012370
3540 Crain Highway, #107
Bowie, MD 20716
Email: WhiteLegalGrp@aol.com
Attorney for Plaintiffs

07-1518
EGS

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Jean and Mildred Antoine

## DEFENDANTS
U. S. Bank National Association, et. al

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Montgomery__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Cincinniati__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

L. Saundra White, Esq.
3540 Crain Highway, #107
Bowie, MD  20712

Case: 1:07-cv-01518
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/27/2007
Description: General Civil

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and __one__ in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☒ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(7)

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

(●) 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violation of RESPA, , Fair Debt Collection Practice Act, Fraud, and Breach of Contract, 28 USC 1332 (Diversity)

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 2,500,000.00   Check YES only if demanded in complaint  **JURY DEMAND:** YES [X]  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES [X]  NO ☐  If yes, please complete related case form.

DATE 08/24/2007   SIGNATURE OF ATTORNEY OF RECORD  [signature] BAR# MD 012370

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.