## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEAN AND MILDRED ANTOINE** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 1:07-cv-01518** |
| ) | |
| **U.S. BANK NATIONAL ASSOCIATION,** ) | |
| **TRUSTEE FOR SG MORTGAGE** ) | |
| **SECURITIES, LLC** ) | |
| One Federal Street, 3rd Floor ) | |
| Boston, MA 02110 ) | |
| ) | |
| **WELLS FARGO BANK NATIONAL** ) | |
| **ASSOCIATION** ) | |
| 420 Montgomery Street ) | |
| San Francisco, CA 94163 ) | |
| ) | |
| **AMERICA'S SERVICING COMPANY** ) | |
| **DBA ASC** ) | |
| One Home Campus ) | |
| Des Moines, IA 50328 ) | |
| ) | |
| **Defendants.** ) | |

### ANSWER OF U.S. BANK NATIONAL ASSOCIATION, WELLS FARGO BANK NATIONAL ASSOCIATION, AND AMERICA'S SERVICING COMPANY DBA ASC

Defendants U.S. Bank National Association, Wells Fargo Bank National

Association, and America's Servicing Company DBA ASC (collectively "Creditor

Defendants") hereby answer the Complaint filed by plaintiffs Jean and Mildred Antoine

("Plaintiffs"). This Answer is made without waiving, but expressly reserving, all rights

that Creditor Defendants have to file dispositive motions or other responses addressed to

some or all of the allegations and claims asserted in the Complaint. Except as expressly

admitted herein, all allegations in the Complaint are denied.

Creditor Defendants further state that Plaintiffs have incorrectly numbered paragraphs in the Complaint, beginning with what is labeled Paragraph 3 in the "Jurisdiction and Venue" section of the Complaint.  This Answer follows that convention without re-designating the paragraphs correctly.

## **"PARTIES"**

1.  Creditor Defendants deny the allegations contained in Paragraph 1.

2.  With respect to the allegations in Paragraph 2, Creditor Defendants admit only that U.S. Bank National Association is the trustee for SG Mortgage Securities and is a financial institution with its principal corporate trust office in Boston, Massachusetts. Creditor Defendants deny the remaining allegations in Paragraph 2.

3.  Creditor Defendants admit, upon information and belief, the allegations in Paragraph 3.

4.  With respect to the allegations in Paragraph 4, Creditor Defendants admit only that Wells Fargo Bank National Association is a national bank and that CSC Corporation Service Company is an agent for service of process.  Creditor Defendants deny the remaining allegations in Paragraph 4.

5.  With respect to the allegations in Paragraph 5, Creditor Defendants admit only that America's Servicing Company is a mortgage servicing company, that it is an ultimate subsidiary of Wells Fargo Bank, N.A., and that CSC Corporation Service Company is an agent for service of process.  Creditor Defendants deny the remaining allegations in Paragraph 5.

6.  With respect to the allegations in Paragraph 6, Creditor Defendants admit only, upon information and belief, that Draper & Goldberg, P.L.L.C. is a law firm located at

803 Sycolin Road, Suite 301, Leesburg, Virginia.  Creditor Defendants lack knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 6, and so deny them.

7.  Creditor Defendants admit, upon information and belief, that Darren Goldberg

is a partner in the law firm of Draper & Goldberg.

8.  Creditor Defendants deny that Rita Ting-Hopper is a partner in the law firm of

Draper & Goldberg but admit, upon information and belief, that Rita Ting-Hopper is an

associate in the law firm of Draper & Goldberg.

## "JURISDICTION AND VENUE"

3.  The allegations in Paragraph 3 state conclusions of law to which no response is

required.  To the extent a response is required, Creditor Defendants deny the allegations

in Paragraph 3.

4.  The allegations in the first sentence of Paragraph 4 state conclusions of law to

which no response is required.  To the extent a response is required, Creditor Defendants

deny the allegations in Paragraph 4.  Creditor Defendants admit the allegations in the

second sentence of Paragraph 4.

## "ALLEGATIONS OF FACT COMMON TO ALL CLAIMS"

5.  Creditor Defendants deny the allegations in Paragraph 5.

6.  Creditor Defendants admit, upon information and belief, the allegations in the

first sentence of Paragraph 6.  The allegations in the second and third sentences of

Paragraph 6 state conclusions of law to which no response is required.  To the extent a

response is required, Creditor Defendants deny those allegations.  As to the last sentence

3

of Paragraph 6, Creditor Defendants state that the loan documents speak for themselves, and they deny any allegations inconsistent with the loan documents.

7.  Creditor Defendants admit, upon information and belief, the allegations in Paragraph 7.

8.  Creditor Defendants admit that the notes are payable on the first of the month but otherwise deny the allegations in the first sentence of Paragraph 8.  Creditor Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 8, and so deny them.  Further answering, Creditor Defendants deny causing problems with respect to servicing and collection of the loan.

9.  Creditor Defendants admit, based on their current investigation, that ASC services the loan, that Wells Fargo Bank NA is the Master Servicer, and that SG Mortgage Securities, LLC was the purchaser of the loan.  Creditor Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and so deny them.  Credit Defendants further state that investigations into the allegations in Paragraph 9 are continuing.

10.  With respect to the allegations in Paragraph 10, Creditor Defendants admit only that ASC sent Plaintiffs a letter in September 2006.  The letter speaks for itself and Creditor Defendants deny any allegations in Paragraph 10 inconsistent with the letter.  To the extent that the third sentence in Paragraph 10 states conclusions of law, no response is required.  All other allegations are denied.

11.  With respect to the allegations in the first two sentences of Paragraph 11, Creditor Defendants lack knowledge or information sufficient to form a belief as to their

truth, and so deny them.  With respect to the allegations in the third and fourth sentences

of Paragraph 11, Creditor Defendants admit only that ASC sent Plaintiffs a letter on or

around October 23, 2006.  The letter speaks for itself and Creditor Defendants deny any

allegations in Paragraph 11 inconsistent with the letter.  All other allegations are denied.

12-14.  With respect to the allegations in Paragraphs 12-14, Creditor Defendants

admit only that ASC had various communications with Plaintiffs regarding the payment

status of their loan.  To the extent that the communications were in writing, the writings

speak for themselves.  Creditor Defendants deny any allegations in Paragraphs 12-14

inconsistent with any such writing.  Further answering, Creditor Defendants deny the

remaining allegations in Paragraphs 12-14 and state that investigations into the

allegations are continuing.

15.  With respect to the allegations in Paragraph 15, Creditor Defendants deny

that Exhibit 1 was attached to what was served on them and therefore must deny all the

allegations in Paragraph 15.

16.  Creditor Defendants deny the allegations in Paragraph 16, based on the

denials thereof contained in the Answer filed by Draper & Goldberg.

17.  Creditor Defendants deny the allegations in the first four sentences of

Paragraph 17, based on the denials thereof contained in the Answer filed by Draper &

Goldberg.  With respect to the allegations in the last sentence of Paragraph 17, Creditor

Defendants admit only that Plaintiffs filed a petition for a permanent injunction on

January 29, 2007 against SG Mortgage Securities, LLC in the Superior Court for the

District of Columbia.  All other allegations are denied.

18.  Creditor Defendants deny the allegations in Paragraph 18, based on the denials thereof contained in the Answer filed by Draper & Goldberg.

18. (sic)  With respect to the allegations in the second Paragraph 18, Creditor Defendants admit only that an order was issued by the Superior Court on February 1, 2007 and extended for an additional 60 days.  Creditor Defendants deny that such order was extended until trial.  All remaining allegations are denied.

19.  With respect to the allegations in Paragraph 19, Creditor Defendants deny that Exhibit 2 was attached to what was served on them and therefore must deny all the allegations in Paragraph 19.

20.  Creditor Defendants admit the allegations in Paragraph 20.

21.  With respect to the allegations in Paragraph 21, Creditor Defendants admit only that the Plaintiffs' first deed of trust was foreclosed on June 07, 2007.  Creditor Defendants deny the remaining allegations in Paragraph 21, based on the denials thereof contained in the Answer filed by Draper & Goldberg.

22.  Creditor Defendants deny the allegations in Paragraph 22.

### **"COUNT I"**

23.  Creditor Defendants hereby incorporate by reference, as if fully set forth herein, their answers and responses in Paragraphs 1 through 22 above.

24.  The allegations in Paragraph 24 repeat the allegations in Paragraph 9. Creditor Defendants hereby incorporate by reference, as if fully set forth herein, their answer and response to Paragraph 9.

25. The allegations in Paragraph 25 state conclusions of law to which no response is required. To the extent a response is required, Creditor Defendants deny the allegations in Paragraph 25.

26. The allegations in Paragraph 26 state conclusions of law to which no response is required. To the extent a response is required, Creditor Defendants deny the allegations in Paragraph 26.

27. The allegations in Paragraph 27 state conclusions of law to which no response is required. To the extent a response is required, Creditor Defendants deny the allegations in Paragraph 27.

28. Creditor Defendants deny the allegations in Paragraph 28.

29. Creditor Defendants deny the allegations in Paragraph 29.

## "COUNT II"

30. Creditor Defendants hereby incorporate by reference, as if fully set forth herein, their answers and responses in Paragraphs 1 through 29 above.

31. Creditor Defendants deny the allegations in the first sentence of Paragraph 31. With respect to the remaining allegations in Paragraph 31, Creditor Defendants deny any allegation that they breached their contractual duties and deny any allegation that they acted outside of their contractual rights.

32. Creditor Defendants deny the allegations in Paragraph 32.

33. Creditor Defendants deny the allegations in Paragraph 33.

### **"COUNT III"**

34-43.  The allegations in Paragraphs 34-43 are not directed at any of the Creditor Defendants and therefore no answer is required.  To the extent an answer is required, the Creditor Defendants deny the allegations in Paragraphs 34-43.

### **"COUNT IV"**

44-51.  The allegations in Paragraphs 44-51 are not directed at any of the Creditor Defendants and therefore no answer is required.  To the extent an answer is required, the Creditor Defendants deny the allegations in Paragraphs 44-51.

### **"COUNT V"**

52.  Creditor Defendants hereby incorporate by reference, as if fully set forth herein, their answers and responses in Paragraphs 1 through 51 above.

53.  Creditor Defendants deny the allegations in Paragraph 53.

54.  Creditor Defendants deny the allegations in Paragraph 54.

### **HEADINGS AND SUBHEADINGS**

Creditor Defendants need not respond to the headings and subheadings within the Complaint.  To the extent that a response is required, Creditor Defendants deny any allegations in the headings or subheadings of the Complaint.

### **FIRST DEFENSE**

Plaintiffs' claims have been waived, in whole or in part.

### **SECOND DEFENSE**

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

8

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by unclean hands, estoppel and other equitable doctrines.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they are subject to a binding agreement to arbitrate and must be resolved by arbitration.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, as a result of the acts of third parties over whom Creditor Defendants had no control and are not responsible.

## SIXTH DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by federal laws, including but not limited to the National Bank Act and its implementing regulations.

## SEVENTH DEFENSE

Some or all of the claims in Plaintiffs' Complaint, including Plaintiffs' claims under RESPA in Count I, fail, in whole or in part, because there is no private right of action under the sections of RESPA cited by Plaintiffs.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the challenged actions, fees and charges are legal and proper.

## NINTH DEFENSE

Plaintiffs' damages, if any, were proximately caused in whole or in part or were contributed to by reason of Plaintiffs' own fault, want of due care, or other conduct.

### TENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any, and/or otherwise have incurred damages as a consequence of their own actions or inactions for which Creditor Defendants are not legally responsible, and, therefore, Plaintiffs cannot recover some or all of their alleged damages.

### ELEVENTH DEFENSE

Plaintiffs' claims under the District of Columbia Consumer Protection Act in Count V fail, in whole or in part, to the extent that Creditor Defendants were not acting as merchants in relation to Plaintiffs' loans.

### TWELFTH DEFENSE

Creditor Defendants hereby give notice that they intend to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and they hereby reserve the right to assert such defenses.


WHEREFORE, Creditor Defendants demand that judgment be entered in their favor, and against Plaintiffs on all claims, and that Creditor Defendants be awarded their costs, including their reasonable attorneys' fees, and such other relief and awards to which Creditor Defendants may be entitled, or is determined just and appropriate by this Court.

Respectfully submitted,

U.S. Bank National Association, Wells
Fargo Bank National Association, and
America's Servicing Company DBA ASC

By their attorneys,

/s/    Thomas M. Hefferon
Thomas M. Hefferon (D.C. Bar No. 461750)
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC  20001
(202) 346-4000 (telephone)
(202) 346-4444 (facsimile)

Dated: October 4, 2007

## CERTIFICATE OF SERVICE

I, Thomas M. Hefferon, hereby certify that the foregoing Answer filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  I further certify that I caused a true and correct copy of the foregoing Answer to be served on the person listed below by causing same to be placed in the United States mail, first-class postage pre-paid, at Washington, DC this 4th day of October, 2007.

L. Saundra White
3540 Crain Highway, #107
Bowie, MD 20716
*Counsel for Plaintiffs*

/s/    Thomas M. Hefferon

LIBW/1658459.6

12