THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEAN AND MILDRED ANTOINE** | ) |
| | ) |
| | ) |
| Plaintiffs | ) CASE NO: 1:07-cv-01518 |
| v. | ) |
| | ) |
| **U.S. BANK NATIONAL ASSOCIATION,** et. al. | ) |

**PLAINTIFFS REPLY TO DEFENDANT RITA TING-HOPPER
OPPOSITION TO PLAINTIFFS MOTION FOR A DEFAULT JUDGMENT**

**NOW COMES** Plaintiffs Jean and Mildred Antoine by and through their counsel hereby reply to Defendant Rita Ting-Hopper's Opposition to Plaintiffs' Motion for a Default Judgment .

I.  ARGUMENT

*A.  Plaintiffs are entitled to a Default Judgment under Rule 55 because Defendant Rita Ting-Hopper was served with Plaintiffs' Summons and Complaint.*

Defendant Rita Ting-Hopper erroneously argues in her opposition that she was never served personally with Plaintiffs Complaint and Summons. Also, Defendant Ting-Hooper swears in her Affidavit that she never refused service, was never approached for service at her place of business and she never received the summons and complaint by priority mail.

Plaintiffs in their Motion for Default Judgment provided four affidavits by two different private process servers that swore that they attempted on two occasions to serve Defendant Rita Ting-Hopper at her place of employment, attempted to serve Defendant Rita Ting-Hopper at her residence in Arlington, Virginia and the complaint and summon was served by priority mail to

Plaintiff Rita Ting-Hopper at her residence in Arlington, Virginia.

Defendant Ting-Hopper Opposition and Affidavit fails to rebut Private Process Server Britney White's sworn statement that she presented Defendant Rita Ting-Hopper copy of Plaintiffs' complaint and summons to Darren Goldberg but Mr. Goldberg refused to accept the complaint and summons. Defendant Goldberg stated that he would only accept the Complaint and summons on behalf of himself and the Law Firm of Draper and Goldberg (**Exhibit 1**). Defendant Darren Goldberg rejected the complaint and summons on behalf of Ting-Hopper even though Ting-Hopper was an employee with Draper & Goldberg and Rule 5(b)(2)of the FRCP provides that a process server can serve an individual by leaving it at the person's office with a clerk or other person in charge or , if no one is in charge, in a conspicuous place in the office.

Defendant Ting-Hopper fails to present any evidence or statements refuting the fact that Darren Goldberg rejected the complaint and summons on her behalf. Also, Defendant Ting-Hopper failed to rebut the presumption that she had constructive notice of the law suit on August 28, 2007 because not only is Defendant Ting-Hooper named as a Defendant but also her employer and Darren Goldberg, a member/principal of the firm.

Private Process Server Barbara Redden swore that she attempted to serve Plaintiffs complaint and summons on Defendant Ting-Hopper at her place of business on September 20, 2007 (**Exhibit 2)**. Process Server Barbara Redden swore that either during her visit to the Law office of Draper and Goldberg, she spoke to an apparent receptionist through an intercom. The Receptionist did not allow her in the Law Office suite and she stated that Ms. Ting-Hooper was not available. The Receptionists did not state that Defendant Ting-Hooper was not in the office

2

but she simply was not available. The Receptionist like Defendant Goldberg refused to accept the complaint and summons on behalf of Ting-Hooper even though FRCP Rule 5 allows a process server to leave serve an individual by leaving it at the person's office with a clerk or other person in charge or , if no one is in charge, in a conspicuous place in the office.

Process Server Barbara Redden was refused entry into the Law Office of Draper and Goldberg so she could not leave the documents in a conspicuous place in the office. Defendant Ting-Hopper failed to provide any testimony or evidence asserting that Process Server Barbara Redden did not attempt to serve the complaint and summons on her at the Law office of Draper and Goldberg in Leesburg, VA on September 20, 1987. Also, Defendant Ting-Hooper failed to assert that she did not work on September 20,. 2007 and August 28, 2007. Defendant Ting-Hooper also fails to assert that she was out of town, out of the office or out of the country on either September 20th or August 28th, 2007. It is reasonable to assume that both Defendant Darren Goldberg and the Receptionist at Draper & Goldberg discussed the Process Server's attempts to serve on August 28, 2007 and September 20, 2007 especially since Defendant Rita Ting-Hooper is employed as an Associate Attorney with Draper and Goldberg and a named defendant in Plaintiffs' lawsuit.

On October 17, 2007 Process Server Britney White attempted to serve Plaintiffs' complaint and summons on Defendant Ting-Hooper's residence at 1800 N Edgewood Street, Arlington, VA 22201 (**Exhibit 3**). However, no one answered the door. The Process Server swore that on October 18, 2007, she mailed a copy of the summons and complaint by priority mail to Defendant Ting-Hopper's residence at 1800 N Edgewood Street, Arlington, VA 22201 (**Exhibit 3**). The mail was not returned to the Process Server and thus, it can be assumed that the

3

mail arrived at Ting-Hooper's residence. Defendant Ting-Hooper argues that she never received a Plaintiffs' complaint and summons by priority mail but admits that she received a copy of Plaintiffs' motion for a default judgment. The complaint/summon and the motion for a default judgment was mailed to the same address. Thus, it is reasonable to assume that Plaintiffs' complaint and summons was delivered since Defendant also admits that her residence is located at 1800 N Edgewood Street, Arlington, VA 22201 and the mail was not returned to the Process Server.

Rule 5(b)(2)of the FRCP provides that service is effective if it is mailed to the person's last known address and service is complete upon mailing. Defendant swears in an Affidavit that she did not receive a copy of Plaintiffs Complaint and summons but she fails to allege that her employer Draper and Goldberg did not indicate that she along with her employer were named Defendants, that two different process servers attempted to serve on two different occasions at her place of employment, does not allege that her personal address is not 1800 N Edgewood Street, Arlington, VA 22201 and fails to acknowledge that her employer has answered Plaintiffs lawsuit and the same attorney, James Clarke is representing Defendant Draper and Goldberg, Darren Goldberg and Defendant Rita Ting-Hopper.

It is highly probable that Defendant received a copy of Plaintiffs' complaint and summons by priority mail on or around October 19th or 20, 2007. Defendant Ting-Hooper has verified that she received a copy of Plaintiffs' complaint and summons since she filed a Motion to Dismiss or in the alternative, Motion for Summary Judgment on January 15, 2008 because how could Defendant file such motions if she did not receive notice or information ( a copy of the complaint and summons) in order to formulate her argument for a Motion to Dismiss and

4

Motion for Summary Judgment.

**WHEREFORE**, Plaintiffs pray that this Court will grant Plaintiffs' Motion for a default judgment pursuant to Fed. R. Civ. P. Rule 55 (a) against Defendant Rita Ting-Hopper and order any and all other relief that the Plaintiffs are entitled too.

Respectfully submitted,

*/s/ L. Saundra White*
L. Saundra White,
 Federal Bar # MD012370
3540 Crain Highway, #107
Bowie, Md 20716
(301) 574-3547
(240) 455–6491(Fax No)
E-mail: WhiteLegalGrp@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of January 2008, the foregoing was electronically filed via the United States District Court electronic filing system (CM/ECF system) to the following:

James E. Clarke / jamesec@drapgold.com

James Edward Forde/ jforde@tpw.com

Eric J. Hager / ehager@goodwinprocter.com

Thomas M. Hefferon/ thefferon@goodwinprocter.com

Service was mailed by first class mail to Defendant Rita Ting-Hopper at 1800 N. Edgewood Street, Arlington, VA 22201.

/s/ L. Saundra White

L. Saundra White

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEAN AND MILDRED ANTOINE**    ) | |
| ) | |
| ) | |
| Plaintiffs    ) | CASE NO: 1:07-cv-01518 |
| v.    ) | |
| ) | |
| **U.S. BANK NATIONAL ASSOCIATION,** et. al.    ) | |

### ORDER

Upon consideration of Plaintiffs Motion for Default Judgment against Defendant Rita Ting-Hopper, Defendant's Opposition and the entire record thereto, it is this _____ day of _____, 20__,

**ORDERED**, That Plaintiffs' Motion for Default Judgment against Defendant Rita Ting-Hopper is **GRANTED**.

_____

JUDGE

cc: L. Saundra White / whitelegalgrp@aol.com

James E. Clarke / jamesec@drapgold.com

James Edward Forde/ jforde@tpw.com

Eric J. Hager / ehager@goodwinprocter.com

Thomas M. Hefferon/ thefferon@goodwinprocter.com

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 8-28-07 |
| NAME OF SERVER (PRINT) Britney Whit | TITLE Process Server |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☒ Returned unexecuted: Gave copy of Complaint + summons for Defendant Rita Ting-Hopper to Darren Goldberg (Partner at Draper + Goldberg) but Attorney Goldberg refused to accept it and returned it to me.

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES $45.00 | TOTAL $45.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  8-29-07
         Date

Signature of Server

4312 Anabella
Largo, MD 20772
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

### RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me | 9/20/07 |
| NAME OF SERVER (PRINT) Barbara Redden | TITLE Private Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☒ Returned unexecuted: Attempted to serve complaint & summons on Rita Ting-Hopper. Receptionist at Braun & Goldberg (Rita Ting-Hopper's place of employment) refused to accept papers because R. Ting-Hopper was unavailable.

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 80.00 (gas) | $45.00 | $125.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  9/19/07
Date

Signature of Server: Barbara Redden

6418 Gwinnett Ln
Bowie, MD 20720
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE 10/17/07 |
| NAME OF SERVER (PRINT) Britney White | TITLE Process Server |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☒ Returned unexecuted: Visited Residence of Rita Ting-Hopper at 1800 N. Edgewood Street, Arlington, VA 22201 to deliver Summons & Complaint at 7:00 p.m. but no one answered the door.

☐ Other (specify): _____

**STATEMENT OF SERVICE FEES**

| TRAVEL 35.00 | SERVICES 45.00 | TOTAL 80.00 |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 10/18/07
       Date        Signature of Server

4312 Arabelle
Largo, MD 20772
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE 10/18/07 |
| NAME OF SERVER (PRINT) Britney White | TITLE Process Server |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): Mailed Summons and Complaint to Rita Ting-Hooper last known address at 1800 N. Edgewood Street, Arlington, VA 22201. By priority mail

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES $5.25 (priority mail) | TOTAL $5.25 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  10/18/07                     _____
                Date                        Signature of Server

                                          4312 Arabella
                                          Largo, MD 20772
                                          Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.