THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JEAN AND MILDRED ANTOINE**               )
                                                                    )
         Plaintiffs                                            )
                                                                    ) CASE NO: <u>1:07-cv-01518</u>
         v.                                                     )
                                                                    )
**U.S. BANK NATIONAL ASSOCIATION, et. al. )**
                                                                    )
         Defendants                                         )


<u>**PLAINTIFFS' OPPOSITION TO DEFENDANT RITA TING-HOPPER MOTION
TO DISMISS OR IN THE ALTERNATIVE,  MOTION FOR SUMMARY JUDGMENT**</u>

     **NOW COMES** Plaintiffs Jean and Mildred Antoine by and through their counsel hereby

present their opposition to Defendant Rita Ting-Hopper's Motion to Dismiss and Motion for

Summary Judgment and request that this Court deny Defendant Motion to Dismiss and Motion

for Summary Judgment because Plaintiffs have stated claims upon which relief can be granted

against Defendant Rita Ting-Hopper and there are genuine issues of material fact that are in

dispute against Defendant Ting-Hopper and all the Defendants in this matter.  In support of

Plaintiffs' Opposition, the Court is respectfully referred to the memorandum of points and

authorities attached herewith.


               Respectfully submitted,

               */s/ L. Saundra White*

               L. Saundra White
               Federal Bar # MD012370
               3540 Crain Highway, #107
               Bowie, MD 20716
               (301) 574-3547
               (240) 455-6491 (Fax No.)
               E-mail: WhiteLegalGrp@aol.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEAN AND MILDRED ANTOINE   )
             )
   Plaintiffs      )
             )
             ) CASE NO: <u>1:07-cv-01518</u>
   v.         )
             )
U.S. BANK NATIONAL ASSOCIATION, et. al. )
             )
   Defendants     )

## MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFFS' OPPOSITION TO RITA TING-HOPPER'S MOTION TO DISMISS AND MOTION FOR A SUMMARY JUDGMENT

## I. BACKGROUND INFORMATION

On or about April 26, 2006, the Plaintiffs entered into a consumer credit transaction with Fremont Investment and Loan to purchase real property located at 3196 18th Street, NE, Washington, D.C.  This transaction included the signing of a promissory note and it was subjected to a finance charge. Brennan Title Company was listed as the Trustee and MERS was listed as the nominee for Lender and Lender's successors and assigns.

Plaintiffs obtained both a first and a second mortgage on the real property. The first mortgage was identified as loan number 5000213286 and the second mortgage was identified as loan number 5000213347.  The notes were payable on the first of the month and no later than the 16th day of the month.

On or around August 2006, Fremont Investment and Loan Company sold the Plaintiffs' mortgage to SG Mortgage Securities, LLC and Wells Fargo Bank, NA was

designated as the Master Servicer and the Interim Trustee.  Wells Fargo Bank, NA delegated its

servicing functions to its' subsidiary America's Servicing Company dba  ASC..

Plaintiffs received a letter from ASC on or around September 16, 2006

indicating that it was the new server for their mortgage account (**Exhibit 1**).  ASC indicated that

the new loan number for the Plaintiffs' first mortgage was # 2392010088 and the new

number for the second mortgage was #1292010098. ASC failed to indicate to the

Plaintiffs that Fremont had sold their mortgage to SG Securities, LLC and failed to provide the

required 15 day notice to the Plaintiffs regarding the new service agreement pursuant to section

20 of the Purchase Money Agreement.

Plaintiffs   made  their September mortgage payment via telephone  to Fremont

Investment & Loan Company on or around the latter part of August 2006. Plaintiffs mailed  their

October 2006 payments on around October 5, 2006 and their November mortgage

payments on or around November 3, 2006.   However, on or around November 5, 2006

Plaintiffs received a letter dated October 23, 2006 from ASC.(**Exhibit 2**). ASC indicated that

Plaintiffs first and second mortgage was in default and to avoid the possibility of acceleration , it

had to submit the total amount of delinquency for both loans by October 31, 2006.  Plaintiffs

 contacted ASC to determine its rationale for holding their mortgage loans in default. ASC

indicated that it was returning  Plaintiffs payments for October and November 2006

because the payments had to be in certified funds.  Also, ASC  indicated to Plaintiffs that

substantial late fees and other default charges had accrued on both loans and thus, in order to

prevent acceleration, the Plaintiff needed to submit total payments in certified funds.

Plaintiffs disagreed with the additional charges and alleged default fees. Thus, on or

3

around November 10, 2006, Plaintiffs disputed the additional charges and fees and requested ASC to provide them with a total accounting of their mortgage account and to justify the assessment of late charges and fees and the reason why their personal check payments were not accepted. ASC never responded to Plaintiffs' request. Plaintiffs also made several telephone calls to ASC. ASC personnel refused to provide the Plaintiffs with any payment or account information or history and stated that the Plaintiffs loan accounts were in pre-foreclosure and thus, ASC could not provide any additional information.

On or around December 28, 2006, Plaintiffs received a letter dated December 22, 2006 from Draper & Goldberg, PLLC indicating that America's Servicing Company (ASC) requested it to foreclose on their real property located at 3196 18th Street, NE, Washington, DC 20018 (**Exhibit 3**). Also, attached was a Foreclosure notice that indicated that the minimum balance required to cure the default obligations prior to sale was $10,658.92 plus attorneys fees and costs. The Foreclose Notice also indicated that the sale would take place on February 1, 2007 at 10:03 am at the office of Alex Cooper Auctioneers, Inc. and L. Darren Goldberg, Esq. was the designated person to conduct the foreclosure sale.

On or around the first week of January 2007, Plaintiffs former counsel, A contacted Draper and Goldberg to dispute the pending foreclosure proceeding and to request an accounting of the Plaintiffs' mortgage account. A Draper and Goldberg representative indicated that Plaintiff should remit 13,195.68 to reinstate the first mortgage and $3,799.02 to cure the second mortgage. Plaintiffs' counsel requested the reinstatement amounts to be presented in writing and mailed to her attention. Also, Plaintiffs' counsel requested Draper and Goldberg to submit future correspondence directly to her attention and to cease correspondence with the Plaintiffs. Draper

4

and Goldberg failed to remitted a written statement regarding the alleged reinstatement figures.

On  January 29, 2007, Plaintiffs submitted $13,195.68 for the first mortgage directly to Draper and Goldberg. On February 5, 2007, Plaintiffs remitted $3,799.02 to bring the second mortgage current. The Plaintiffs mailed their mortgage payments by Federal express mail and enclosed cashiers checks.  Also, on  January 29, 2007, Plaintiffs filed a Petition for a permanent injunction against SG Mortgage Securities, LLC in the Superior Court for the District of Columbia.

On January 30, 2007, Draper and Goldberg mailed another  Notice of Foreclosure to Plaintiffs at the real property address in Washington, D.C.  The Foreclosure Notice indicated that the foreclosure sale would occur on February 1, 2007 at 10:03 am in Washington, D.C.  On February 1, 2007, the Superior Court granted a temporary restraining order until  February 16, 2007.  On February 16, 2007, the Court extended the temporary restraining order in favor of the Plaintiffs that stayed the foreclosure action for sixty days (60) or until this matter was resolved.

Even though the Plaintiffs temporary restraining order was still in effect on  April  30, 2007, Nathan Wasser , Draper & Goldberg mailed a second Notice of Foreclosure to the Plaintiffs. This notice was mailed to the address of the real property at 3196 18th Street, NE, Washington, D. C.  20018.  The  notice indicated that the Plaintiffs' real property property would be sold on June 7, 2007. On May 31, 2007, the Plaintiffs filed its first Contempt Motion and requested an emergency hearing.  However, the Court did not schedule an emergency hearing. Defendants  foreclosed on the Plaintiffs' real property on June 7, 2007 even though the Plaintiffs  made timely payments on the mortgage that secured the real property, Plaintiffs were not in default of their mortgage loans  and the temporary restraining order was still in effect.

Defendant did not provide an accounting or attempt to verify the alleged debt

until June 18, 2007 (eleven days after the foreclosure sale)even though Plaintiffs requested a

verification of the debt and the justification for rejecting their payments in November 2006,

January 2007 and April through June 2007.  Also, even though Defendant refused to verify the

debt or recognize the Plaintiffs' dispute with respect to the amount owe, Plaintiffs continue to

remit payments on their mortgage loans. Instead of properly crediting the Plaintiffs payments

pursuant to the Security Agreement, Defendant either rejected the payments, returned the

payments, or placed the payments in suspense account in order to illegally foreclose on the

Plaintiffs' real property.

## II. ARGUMENT

***A. Defendant Ting-Hopper's  Motion to Dismiss should be denied  because she has not shown***

***beyond doubt that the Plaintiffs can prove no set of facts in support of their claims which***

***would entitle them to relief.***

FRCP Rule 12(b)(6) provides that on a motion to dismiss for failure to state a claim upon

which relief can be granted, the Court must construe the allegations and facts in the complaint in

the light most favorable to the Plaintiffs and must grant the Plaintiffs the "benefit of all

inferences that can be derived from the facts alleged." *Barr v. Clinton*, 370 F.3d 1196, 1199

(D.C. Cir. 2004): *See Conley v. Gibson*, 355 U.S. 41(1957). The complaint need only set forth a

short and plain statement of the claim pursuant to Fed. R. Civ. P. 8(a)(2) giving the defendant

fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v.*

*Williams*, 348 F.3d 1033 (D.C. Cir. 2003). Such simplified notice pleading is made possible by

the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. *Conley,* 355 U.S. at 47-48.   A Court may dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Conley*, 355 U.S. at 45-46.

Defendant Ting-Hopper argues in her Motion to Dismiss that only one claim is alleged against her (Count IV-Fraud, Intentional Misrepresentation )and states that Defendant Ting-Hopper as an individual was not involved in any of the allegations pled in Plaintiffs' complaint. Defendant further argues that Defendant Ting-Hopper's involvement in this matter was limited to her role as counsel for Defendants at two court hearts.  This argument is misleading and simply incorrect.

Plaintiffs asserted that Defendant Ting-Hopper was a partner with the Law firm of Draper & Goldberg, PLLC.  However, Plaintiffs were lead to believe that Ting-Hopper was a partner because she held herself out as the Partner in charge regarding the collection of payments for Plaintiffs' mortgage note.  Plaintiffs did not learn that Ting-Hopper was not a partner until Defendants Draper and Goldberg, PLLC and Darren Goldberg responded to Plaintiffs' complaint. However, Defendant Ting-Hopper is associated and employed by Defendant Draper and Goldberg, PLLC..

Defendant Ting-Hopper is misstating her involvement in this matter. Defendant Ting-Hopper does not deny that she was a part of the Debt Collectors' team but indicates that her involvement was limited to the legal representation of Defendant SG Mortgage Securities, LLC.

However, Plaintiffs are asserting that Defendants Draper and Goldberg, PLLC, Darren Goldberg and Rita Ting-Hopper were Debt Collectors and thus were subjected to act in accordance with the Fair Debt Collection Practice Act (FDCPA). Also, Ting-Hopper's involvement was not limited to her role as counsel for Defendant SG Mortgage Securities, LLC. For example, Ting-Hopper was the Debt Collector that Plaintiffs' former counsel Anna Aita corresponded with since the date of the first Foreclosure Notice ( **Exhibit 3**). Also, Defendant Ting-Hooper requested Plaintiffs to send their reinstatement funds to the Debt Collectors, Draper and Goldberg, PLLC. Defendant Ting-Hopper was the debt collector that was responsible for providing an accounting of the debt to Plaintiff (Exhibit 4).

Plaintiffs alleged in their complaint (paragraphs 34-43 ) that Defendant Draper and Goldberg, PLLC were the debt collectors in this matter and that they violated FDCPA  because it failed to verify the debt, continued collection efforts after Plaintiffs contested the debt, communicated directly with Plaintiffs even though Defendant Draper & Goldberg knew that Plaintiffs were represented by Counsel, failed to remit Plaintiffs' reinstatement payments to Defendant ASC, and foreclosed on Plaintiffs' real property even though Plaintiffs contested the amount owed, Plaintiffs were not in default and the temporary restraining order was still in effect.

Defendant Ting-Hopper in her Motion to Dismiss admits that she is an associate with the law firm of Draper and Goldberg, PLLC . In this matter Defendant Draper and Goldberg, PLLC were acting as debt collectors and since Defendant Ting-Hopper is associated with Draper and Goldberg, she was acting in her capacity as a debt collector. Therefore, Plaintiffs' complaint stated a valid claim against Defendant Ting-Hopper since her actions as a debt collector violated

the Fair Debt Collections Practice Act. Therefore, Defendant Ting-Hopper's Motion to Dismiss under FRCP Rule 12(b)(6) should be denied because Defendant Ting-Hopper has not demonstrated beyond doubt that the Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief.

**(B) Plaintiffs' Complaint stated with particularity the circumstances constituting their claims of fraud , and intentional misrepresentation against Defendant Rita Ting-Hopper**.

Rule 9(b) requires that a pleader state with particularity the circumstances constituting claims of fraud or mistake.  Rule 9(b)'s particularity requirement ensures that the opponent has notice of the claim, prevents attacks on his reputation where the claim for fraud is unsubstantiated, and protects against a strike suit brought solely for its settlement value. *In re U.S. Office Prod. Sec. Litig.*, 326 F. Supp. 2d 68, 73(D.C. C. 2004).  Also,  Rule 9(b) requires more than pleadings based on information and  belief, but rather requires an allegation that the necessary information lies within the defendant's control. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994).

Defendant Ting- Hopper erroneously argues  that Plaintiffs' failed to identify what the alleged misleading false information was and how and what type of damages Plaintiffs suffered from the alleged false information.  Rule 9(b) provides that the circumstances that the claimant must plead with particularity include matters such as time, place, and content of the false misrepresentations, the misrepresented fact, and what the opponent retained or the claimant lost as a consequence of the alleged fraud.  *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542(D.C. Circ. 2002).  Accordingly, the Plaintiffs must plead the "who, what, when, where,

and how" with respect to the circumstances of the fraud. *Dileo v. Ernst & Young,* 901 F.2d 624, 627 (7th Circ. 1990).

    Fed. R. Civ. P. Rule 8 provides that pleadings must contain a short and plain statement of the claim and that each averment be simple, concise, and direct and Rule 9(b)'s particularity requirement does not abrogate Rule 8's general requirement. *In re U.S. Office Prod. Sec Litig*., 326 F.Supp. 2d at 74 (D.C. Cir. 1994).  Plaintiffs' complaint provided simple, concise and direct statements regarding their fraud, and intentional misrepresentations claims against Defendants Ting-Hopper and Draper and Goldberg, PLLC.  For example, Plaintiff listed the time, place and content of the false misrepresentation and  the misrepresented  fact in paragraphs 17 - 22, 42(b), 45 and 48 of their complaint and Plaintiffs listed  Defendants' motives in paragraph 47 and what Plaintiffs lost in paragraph 51.

    *Conley v. Gibson*, 355 U.S. 41 (1957) provided that simplified notice pleading ( under Rule 8(a)(2)) requirements are met if the short and plain statement of claim gives the defendant fair notice of the claim and the grounds upon which it rests.  *Conley*, 355 U.S. at 47-48 further held that "such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

    Defendant attached a copy of the entire transcript of a hearing that was held on February 16, 2007 and attempts to assert that the Plaintiffs did not suffered any damages because a temporary restraining order was granted.  However, the  transcript is prima facie proof that Defendant Ting-Hopper was placed on notice  with respect to Plaintiffs' allegations that she provided misleading and false information regarding the funds Plaintiffs submitted directly to

Defendant Draper & Goldberg, PLLC. and proves that this information was within Ting-Hopper's control even though Plaintiff did not attach the Transcript to their complaint.

The transcript clearly cites the misrepresentations and fraudulent statements made by Defendant Ting-Hopper.  For example, Defendant Ting-Hopper  argued during the hearing on February 16, 2007 that Plaintiffs have been living at the property without making any mortgage payments since September 2007 **(02/16/2007 Transcript @ pg. 18, Lines 19 –Line 21).** This was a false  statement because on January 29, 2007, Plaintiffs submitted $13,195.68 for the first mortgage directly to Draper and Goldberg. On February 5, 2007, Plaintiffs remitted $3,799.02 directly to Draper and Goldberg to bring the second mortgage current. The Plaintiffs mailed their mortgage payments by Federal express mail and by cashiers checks.  Also, during the February 16, 2007 hearing, Defendant Ting-Hopper further argued that Plaintiff needed to post a bond because the August trial date would allow the Plaintiffs to be seven or eight months past due **(02/16/2007 Transcript @ pg. 18 Line 22-25, pg. 19, lines 1-2)**. Defendant Ting-Hopper  knew or should have known that this argument was erroneous because according to the debt collector, Draper and Goldberg's  payment history as of February 16, 2007, Plaintiffs  submitted total mortgage payments of $16,994.70.

Defendant Ting-Hopper's allegation that she was not involved in any of the allegations pleaded in Plaintiffs' complaint is evidence of further misrepresentations by Defendant Draper & Goldberg and Ting-Hopper.. In accordance with information cited above,  Defendant Ting-Hooper not only represented SG Mortgage Securities in the Superior Court of the District Columbia matter but she also was the principal debt collector with respect to Plaintiffs mortgage payments and was responsible for preparing the accounting of this debt and was instrumental in

ensuring that the Plaintiffs real property was foreclosed upon. **Exhibit 4** reveals a copy of

Plaintiffs payment history that was prepared by Plaintiffs'counsel. This spreadsheet was provided

to Nathan Wasser, another attorney that supposedly was representing Defendant SG Mortgage

Securities. **Exhibit 5** reveals the email that was submitted to Attorney Wasser by Plaintiffs

Attorney regarding Plaintiffs' payment history and the existence of the Temporary Restraining

Order. **Exhibit 6** is Attorney Wasser's response to Plaintiffs' June 6, 3007 email.  Attorney

Wasser's response clearly shows that Draper and Goldberg was providing updates and directions

to Attorney Wasser regarding the foreclosure of Plaintiffs' real property. **Exhibit 7** reveals an

email from Defendant Ting-Hopper where she indicates that she had no recollection of the

Temporary Restraining Order even though the February 16, 2007 hearing transcript clearly shows

that the temporary restraining order existed at the time of the foreclosure. For example,  Judge

Terrell stated on February 16, 2007 that nothing could happen to the property while there was a

cloud over it in litigation (**Transcript, 02/16/2007 @pg 5 lines 13-22).** The Court further held

that the Temporary Restraining Order was extended for 60 days but if did not go to trial within

60 days it would be continued until the matter went to trial. **(02/16/07 Transcript @ page 14,**

**lines 24-25 and pg. 15, line 1).** Also, on February 16, 2007, Defendant Ting-Hopper  argued that

the foreclosure sale was cancelled but she would  file a motion for an order for Plaintiffs to post a

bond **(02/16/07 Transcript @ page19, lines 15-25, pg 20, lines 1-25, pg. 22, lines 1-11**).

However,  Defendant Ting-Hopper  did not file a Motion to order Plaintiffs to post a bond

because it knew that Plaintiffs were current on their mortgage loan. Defendant Ting-Hopper

never indicated to the Court or made any inquiries to the Court as to whether the Temporary

Restraining Order had expired prior to foreclosing on Plaintiffs' real property.

Defendant Ting-Hopper stated on February 16, 2007 that the payments that Plaintiffs made were always short, that they owed over $21,000.00 and the Plaintiff "keeps sending us short change of whatever he has, which is not to  the contractual terms of the  Note and Deed of Trust. If this Court supersedes the contractual right to my client, we simply ask."**(02/16/07 Transcript @ page19, lines 11-16).**  Defendant Ting-Hopper's statement indicating that Plaintiffs owed over $21,000.00 contradicts the reinstatement amount that was quoted to Plaintiffs' former counsel around the first week of January 2007 ($13,195.68), contradicts the amount listed on the 12/28/06 and 01/30/07 foreclosure notices ($10658.92 plus attorneys fees and costs) and contradicts the reinstatement amount that Attorney Nathan Wasser stated in his March 30, 2007 (**Exhibit 8**).  Defendant Ting-Hopper misrepresented to Attorney Wasser, the amount of the monthly payments under Plaintiffs' mortgage note.

Defendant Ting-Hopper attempts to use the February 16, 2007 hearing transcript to suggest that Plaintiffs did not suffer any damages because the temporary restraining Order was extended. However, Defendant Ting-Hopper continued with the foreclosure of Plaintiffs' real property and opposed Plaintiffs Motion for Contempt by indicating that the February 16, 2007 Order only extended the TRO until April 17, 2007 (**Exhibit 8a**).

Defendant Ting-Hopper was responsible for providing the accounting to Plaintiffs upon their request. However, Defendant Ting-Hooper delegated the accounting task to James Clarke, another associate with Draper and Goldberg, PLLC.  James Clarke provided an accounting to Plaintiffs on June 18, 2007( 11 days after the foreclosure) **Exhibit 9**.  James Clarke reported to e Plaintiffs that Defendant Ting-Hopper alleged that she provided an accounting to Plaintiffs on January 30, 2007 (**Exhibit 10**).  However, Plaintiffs only received a Foreclosure Note on or

around February 4, 2007 that was dated on January 30, 2007. Also, Defendant Ting-Hopper alleged that Plaintiffs' cashier check for $13,195.68 that was mailed to Draper & Goldberg was returned by express mail to Plaintiffs on February 6, 2007 and she presented a delivery notification that allegedly contained Plaintiff Jean Antoine's signature (**Exhibit 11**). Plaintiffs never received their cashier check ($13, 195.65) from Defendant Ting-Hopper and the signature on the delivery notification did not belong to Plaintiff Jean Antoine (**Exhibit 12**).

Plaintiffs' payment history from Defendant Ting-Hopper clearly shows that Defendants violated the Fair Debt Collection Practice Act by failing to properly provide credit for the payments they received from Plaintiffs. The payment history exemplified in Exhibit 9 shows that Defendant Ting-Hopper never remitted Plaintiffs' January 29, 2007 payment to Defendant ASC and never indicated to the court that Plaintiff remitted the payment. Also, Plaintiffs never received a return of their May 10, 2007 payment for $2,657.23. **Exhibit 9** clearly shows that Defendant ASC received all of Plaintiffs' payments that were submitted directly to ASC but did not receive the payment of $13, 195.68 that was remitted directly to Defendants Ting-Hopper and Draper and Goldberg. Also, Defendant ASC continue to accept Plaintiffs payments for their 1st and 2nd mortgage loans from February 2007 through August 2007 but suspended the payments for the 1st mortgage. However, after Plaintiffs filed this action on August 27, 2007, Defendant ASC returned Plaintiffs August, September, and October 2007 payments for their 1st and 2nd mortgage loans even though Defendant Draper and Goldberg asserted that Plaintiffs' second loan was not in default (**Exhibit 13).**

The February 16, 2007 hearing transcript , foreclosure notices, emails and Plaintiffs' affidavit clearly show that Defendant Rita Ting-Hooper's intentional misrepresentations,

fraudulent statements and accounting and violations of the various federal and state laws caused Plaintiffs to incur statutory and compensatory damages, mounting attorneys' fees, court cost and mental and physical pain and anguish.  Therefore, Defendant Ting-Hopper's Motion to Dismiss for failure to state a Claim  under FRCP Rule 9 should be denied.

**D. Defendants' Motion for Summary Judgment should be denied because Defendant Rita Ting-Hopper  failed to established that there are no genuine issue as to any material fact.**

Rule 56 provides that summary judgment shall be entered "forthwith" if the moving papers before the Court establish "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. The materiality of facts is determined by reference to the governing s substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To create a genuine issue, there must be evidence on which the fact finder "could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. "If the evidence is merely colorable ... or is not significantly probative . . . summary judgment may be granted." Id. at 249-50.  To establish that it is "entitled to judgment as a matter of law," the movant must demonstrate that when the governing substantive law is applied to the undisputed material facts, the movant prevails.

Pursuant to Local Civil Rule 7.1(h), each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include reference to the parts of the record relied on to support the statement.  The moving party bears the responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to

interrogatories, and admissions on file together with the affidavits, if any," which it believe

demonstrate the absence of a genuine issue of material fact. <u>Chelates Corp. v. Citrate</u>, 477 U.S.

317, 323 (1986).

Defendant has not only failed to establish that there is no genuine issue as to any material

fact in accordance with Rule 56 but it has not complied with  Local Civil Rule 7.1(h) because

Defendant failed to present a statement of undisputed material facts in support of its motion for

summary judgment.   Defendant Ting-Hopper's Motion for Summary Judgment is frivolous and

has no merit especially since she has failed to even respond to Plaintiffs' original complaint, this

court has not ordered a scheduling conference, and there has been no discovery in this matter.

Plaintiffs' Affidavits, February 16, 2007 transcript, and other exhibits attached to Plaintiffs'

opposition clearly show that there are genuine issues of material fact that disputes Defendant

Ting-Hopper's Motion for Summary Judgment.

Respectfully submitted,

*/s/ L. Saundra White*
L. Saundra White, #MD012370
3540 Crain Highway, #107
Bowie, Md 20716
(301) 574-3547
(240) 455-6491 (Fax)
E-mail: WhiteLegalGrp@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2008, the foregoing was electronically

filed via the United States District Court electronic filing system (CM/ECF system) to the

following:

James E. Clarke / jamesec@drapgold.com

James Edward Forde/ jforde@tpw.com

Eric J. Hager / ehager@goodwinprocter.com

Thomas M. Hefferon/ thefferon@goodwinprocter.com


/s/ L. Saundra White
L. Saundra White

17

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JEAN AND MILDRED ANTOINE** | ) |
| | ) |
| | ) |
| Plaintiffs | ) CASE NO: <u>1:07-cv-01518</u> |
| v. | ) |
| | ) |
| **U.S. BANK NATIONAL ASSOCIATION,** et. al. | ) |

<u>**ORDER**</u>

Upon consideration of Defendant Rita Ting-Hopper's  Motion to Dismiss or in the

alternative, Motion for Summary Judgment, Plaintiffs' Opposition and the entire record thereto,

it is this _____day of _____, 20__,

**ORDERED**, That Defendant Ting-Hopper's Motion to Dismiss is **DENIED**, and

**ORDERED** , that Defendant Ting-Hopper's Motion for Summary Judgment is

**DENIED.**

_____

JUDGE

cc: L. Saundra White / whitelegalgrp@aol.com
    James E. Clarke /  jamesec@drapgold.com
    James Edward Forde/  jforde@tpw.com
    Eric J. Hager / ehager@goodwinprocter.com

18

JUL-23-2007 MON 09:49 AM                          FAX NO. 3018468929                    P. 02

1st

 Return Mail Operations
PO Box 10388
Des Moines, IA 50306-0388

September 13, 2006

RE:     New Loan Number: 1292010088
        Old Loan Number: 5000213280

Mildred Antoine          000811
11301 Classical Ln
Silver Spring MD 20901-5022

Dear Valued Customer:

America's Servicing Company (ASC) is excited to let you know that the servicing of your loan will transfer to America's Servicing Company effective September 1, 2006. While the transfer of mortgage servicing is a common industry practice, we understand it can present questions for customers. Rest assured, this does not effect any terms or conditions of your mortgage, other than those provisions related to the servicing of your mortgage. Please refer to the Notice of Assignment printed on the reverse side of this letter for the Real Estate Settlement Procedures Act (RESPA) information.

ASC will appear on your monthly statements and other communication related to your mortgage loan. Beginning September 1, 2006, ASC will be responsible for processing your loan payments. Your previous servicer will apply payments to your loan if received prior to September 1, 2006 or forward to ASC if received after that date.

Attached to this letter is a temporary coupon from ASC. If a payment has already been made to ASC, please disregard the attached coupon. A billing statement will soon be sent to you, which will reflect that payment and provide you with a coupon for your next payment. Thereafter, a billing statement will be sent to you each month after your payment is received. If you include additional funds, please explain how you wish to have the additional funds applied.

All payments and correspondence regarding your loan should be addressed as indicated below:

PAYMENT:                            CORRESPONDENCE:
America's Servicing Company        America's Servicing Company
PO Box 71297                       P.O. Box 10328
Baltimore MD 21297-3297           Des Moines, IA 50306-0328

Please include your old loan number, or America's Servicing Company loan number on all inquiries. When you send in a check to make your payment, ASC may clear the check electronically. Receipt of your check at the address listed on your payment coupon will authorize us to process your payment as an electronic debit to the checking account on which the check was written. If your mortgage check does not clear and is is returned, we may withdraw funds from your account electronically. Normally, if this occurs your check will not be returned to you with your bank statement but you can obtain a copy by other means.

If your mortgage payments were drafted from an account this service was discontinued. This may be a good time to consider the convenience of our Automatic Mortgage Payment (AMP) program and begin deducting your mortgage payment from your checking or savings account. If interested, please read the terms and conditions included in this letter and select the enrollment option that best fits your needs.

If you currently have credit life or other optional insurance, it will not transfer to America's Servicing Company.

No later than January 31st of next year, America's Servicing Company will provide you with a statement reflecting the amount of mortgage interest paid by you to America's Servicing Company.

ASC is committed to ensuring a smooth servicing transfer for you and providing you with quality service going forward. If you have any questions regarding this transfer, please call ASC Customer Service at 866-517-4678, Monday through Friday 8:00 a.m. to 6:00 p.m. If you have any questions relating to your loan activity prior to the transfer of servicing, please call your previous servicer below:

Previous Servicer: Fremont Investment & Loan
Toll Free Phone Number: 1-800-776-7511
Hours of Operation: 6:00 a.m. to 6:00 p.m. PST, Monday-Friday

Sincerely,

Leesa Whitt-Potter

Leesa Whitt-Potter
Senior Vice President - Customer Operations

WFB3281/AA

*Exhibit 1*

Return this part with your payment.

 Mildred Antoine
11301 Classical Ln
Silver Spring MD 20901-5022

Loan Number
1292010088

Payment Coupon

America's Servicing Company

| For Customer Use | |
|---|---|
| Additional Principal | $ |
| Additional Escrow | $ |

JUL 19 '07 12:13 FR WELLS FARGO HM MTG          TO 913016967344     P.04/05

006250/106

PO Box 1225
Charlotte, NC 28201-1225



7108 3637 7360 2227 5148

2nd

October 23, 2006

006250/1060ay20

Mildred Antoine
11301 Classical Ln.
Silver Spring MD 20801

Dear Borrower(s):                                    RE: Loan Number 1292010098

Our records indicate that your loan is in default. You have the right to cure this default provided that you
do so within 30 days from the date of this notice. Unless the payments on your loan can be brought
current by November 22, 2006, it will become necessary to accelerate your Mortgage Note and pursue the
remedies provided for in your Mortgage or Deed of Trust. The total delinquency against your account as
of today's date is as follows:

| | | |
|---|---|---|
| Past Due Payments | $ | 1,463.70 |
| Late Charge Balance | $ | 0.00 |
| Other Fees | $ | 0.00 |
| Suspense Balance | - $ | 0.00 |
| Total Delinquency as of 10/23/06 | $ | 1,463.70 |
| Payments due in next 30 days | $ | 731.85 |

**Total due to cure default and bring loan current as of November 22, 2006      $2,195.55**

Your failure to pay this delinquency, plus additional payments and fees that may become due, will without
further notice result in the automatic acceleration of your Mortgage Note. Once acceleration has
occurred, America's Servicing Company may initiate a foreclosure action, or any other remedy against the
property as permitted under the terms of your Mortgage or Deed of Trust, except as prohibited by law.

You have the right to reinstate your Mortgage Note and Mortgage or Deed of Trust after acceleration.
However, any future negotiations attempting to reinstate your loan or any payment of less than the full
amount due shall not constitute America's Servicing Company's waiver of the acceleration unless agreed to,
in writing, by America's Servicing Company and any refunds received may be returned. If foreclosure is
initiated, you will have the right to bring a court action to assert the non-existence of a default or offer any
other defense to acceleration you may deem appropriate, including the failure to send proper notices, to
the acceleration and foreclosure sales.

To avoid the possibility of acceleration you must pay

$1,463.70 By October 31, 2006, 2:00 P.M. Central Time
$2,195.55 By November 22, 2006, 2:00 P.M. Central Time

in CERTIFIED funds, to America's Servicing Company, P.O. Box 37297, Baltimore, MD 21297-3297. If
funds are not received by the above stated date, we will proceed to automatically accelerate your loan.

We are required by Federal Law to notify you of the availability of government approved home ownership
counseling agencies designed to help homeowners avoid losing their home. To obtain a list of approved
counseling agencies for your state please call 1-800-569-4287. We urge you to give this matter your
immediate attention.

*Exhibit 2*



David W. Draper, Jr. (DC, MD, VA)
L. Darren Goldberg (DC, MD, VA)

James E. Clarke (DC, FL, MD, VA)
Rita Ting-Hopper (CA, DC, MD)
Roxanne F. Rosado (CA, DC, VA)
John A. Ansell III (MD)

Neil F. Dignon (DE)
Robert A. Oliveri Jr. (VA)
Angela S. Watson (VA, WV)
David M. McPherson (DC, IN, VA)
Jeff Godfrey (WV)

Thomas D.H. Barnett (DE)
(Of Counsel)

803 Sycolin Road
Leesburg, Virginia 20175
Telephone: 703-777-2448
Facsimile: 703-940-9112
www.drapgold.com

December 22, 2006

BY CERTIFIED MAIL RETURN RECEIPT REQUESTED and FIRST CLASS MAIL

Spouse and/or Domestic Partner of Jean Antoine
3196 18th St NE
Washington, DC 20018

RE:    Our File No.          205860
       Property Address:     3196 18th St NE
                             Washington, DC 20018

Dear Spouse and/or Domestic Partner of Jean Antoine:

Please be advised that we have been requested by America's Servicing Company ("Servicer") to
foreclose on the Property described above ("Property"). The Property is encumbered by a Deed of Trust,
the security for a promissory note in the original principal amount of $340,000.00 payable to the Lender.

We are hereby notifying you that a foreclosure sale of the Property will take place on the date, time,
place, and terms as per the enclosed Notice of Foreclosure, and the Property will be sold then and there
to the highest bidder.   A copy of this letter is being sent to you by certified and regular mail.

If you wish to obtain updated payoff or reinstatement figures, you may make your request by any of the
means listed below:

Web Site:      www.drapgold.com
E-mail:        po@drapgold.com  (for payoff figures)
               ri@drapgold.com   (for reinstatement figures)
Facsimile:     (703) 940-9112
Telephone:     (703) 777-2448

Figures will be sent to the property address unless otherwise specified in writing and
signed by the mortgagor.  Please be advised that processing a request for an updated
payoff or reinstatement quote may require up to ten (10) business days.  If you seek to
satisfy or reinstate your loan prior to a scheduled foreclosure sale date, you are urged to
request the figures immediately, as time is of the essence.

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.

                        Sincerely,

                        Draper & Goldberg, PLLC

Enclosure - Copy of Notice of Foreclosure
cc:     America's Servicing Company

Exhibit 3

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF FINANCE AND REVENUE



RECORDER OF DEEDS                                           515 "D" STREET, N.W.
                                                          WASHINGTON, DC 20001

## NOTICE OF FORECLOSURE SALE OF REAL PROPERTY
## OR CONDOMINIUM UNIT

(Pursuant to Public Law 90-566, approved October 12, 1968)

TO: (List Name and address of each owner of the real property encumbered by said deed
of trust, mortgage, or security instrument.)

Mildred Antoine, Jean Antoine, Spouse and/or Domestic Partner of Mildred Antoine, Spouse and/or
Domestic Partner of Jean Antoine
3196 18th St., NE, Washington, DC 20018;
(301) 681-6659

FROM: L. Darren Goldberg, Esq.                    PHONE:  703-777-2448

**YOU ARE HEREBY NOTIFIED THAT IN ORDER TO SATISFY THE DEBT SECURED BY THE
DEED OF TRUST, MORTGAGE, OR OTHER SECURITY INSTRUMENT, THE REAL PROPERTY
OR CONDOMINIUM UNIT HEREIN DESCRIBED WILL BE SOLD AT A FORECLOSURE SALE
TO BE HELD AT THE OFFICE OF Alex Cooper Auctioneers, Inc., 5301 Wisconsin Ave.,
N.W., Suite 750, Washington, DC 20015, ON February 1, 2007 at 10:03 AM THIS SALE
DATE IS SUBJECT TO POSTPONEMENT FOR A PERIOD NOT TO EXCEED THIRTY (30)
CALENDAR DAYS FROM THE ORIGINAL DATE OF FORECLOSURE SALE, AFTER WHICH
THIS NOTICE OF FORECLOSURE SHALL EXPIRE.**

Security Instrument recorded in the land records of the District of Columbia at the Recorder
of Deeds on May 4, 2006.

Liber: _____, Folio: _____        Instrument No. 58417

Maker(s) of Note secured by the instrument:
Mildred Antoine, Jean Antoine,
3196 18th St., NE, Washington, DC 20018;        (301) 681-6659

Description of Property:_____dwelling_____
                        (two-story brick, dwelling, apartment building, vacant lot, condominium unit, etc.)

Address: 3196 18th St., NE, Washington, DC 20018

Lot & Square No. 26 / 4138_____  or Parcel No:_____

Holder of the Note: U.S. Bank National Association, as Trustee for SG Mortgage Securities
Asset Backed Certificates, Series 2006-FRE2; (301) 696-7123
          c/o Draper & Goldberg, P.L.L.C., L. Darren Goldberg, Esq.
          803 Sycolin Road, Leesburg, VA 20175

Balance owed on the note: $347,555.49, plus accrued attorney fees, costs, and other sums
which may accrue prior to sale.

Minimum balance required to cure default obligations pursuant to D.C. Law 5-82 "Right to
Cure a Residential Mortgage Foreclosure Default Act of 1984." $10,658.92 plus attorney
fees and costs and other sums which may accrue prior to sale.

Person to contact to stop foreclosure sale: L. Darren Goldberg, Esq. c/o Sales Desk, Draper
& Goldberg P.L.L.C., 803 Sycolin Road, Leesburg, VA 20175  703-777-2448
      (Address)                                    (Phone Number)

(over)

I, hereby certify that a Notice of Foreclosure Sale was sent to the present owner(s) of the real property encumbered by said deed of trust, mortgage, or other security instrument described above, by certified mail, return receipt required on <u>December 29, 2006</u>; and I further certify that I understand that Public Law 90-566 prohibits any foreclosure sale under a power of sale provision contained in any deed of trust, mortgage, or other security instrument until after the owner(s) of the real property encumbered by said deed of trust, mortgage, or security instrument has been given written notice of such sale, and the Recorder of Deeds, D.C. has received a copy of such notice at least 30 days in advance of such sale.

<u>December 29, 2006</u>                          _____, agent
(Date)                                            (Signature of the Noteholder or his agent)

I, <u>Debbie A. Morgan</u>, a Notary Public in and for <u>the County of Montgomery, State of Maryland</u>, DO HEREBY CERTIFY THAT <u>Jennifer Neilson</u>, party/ies to this Notice of Foreclosure Sale bearing date on the <u>29th</u> day of <u>December, 2006</u> personally appeared before me and executed the said Notice of Foreclosure Sale and acknowledged the same to be his/her/their act and deed.

Given under my hand and seal this the <u>29th</u> day of <u>December, 2006</u>.

_____
Notary Public

My commission expires <u>1/1/2010</u>

ROD form ADM/04
Revised 1/86

AFTER RECORDING RETURN TO:
L. Darren Goldberg, Esq.
Draper & Goldberg, P.L.L.C.
803 Sycolin Road
Leesburg, VA 20175
703-777-2448
Matter No. 205860

Alex Cooper Auctioneers, Inc.
Folio No. W-7116

**PAYMENT HISTORY FOR MORTGAGE on 3196 18th Street, NE, Washington, DC 20018**

|  | DATE OF PAYMENT | AMOUNT OF PAYMENT |
|---|---|---|
| First Mortgage Amt to bring mortgage pymts current | 01/29/07 | 13195.68 (Exhibit 1) |
| 2nd Mortgage Amt to bring 2nd mortgage current | 02/05/07 | 3799.02 (Exhibit 2) |
| 1 st Mortgage | 03/28/07-Exh 3 | 2657.23 |
| 2nd Mortgage | 03/28/07 –Exh 3 | 768.44 |
| 1 st Mortgage | 04/27/07 –Exh 4 | 2657.23 |
| 2nd Mortgage | 04/27/07 –Exh 4 | 768.44 |
| 1 st Mortgage | 05/10/07 –Exh 5 | 2657.23 |
| 2nd Mortgage | 05/10/07 –Exh 5 | 768.44 |
| Total |  | 27271.71 |

NOTE:  All monthly mortgage payments beginning in January 2007 for the 1 st and 2nd mortgage included late fees.

*EXHIBIT 4*

**From:** WhiteLegalGrp@aol.com [mailto:WhiteLegalGrp@aol.com]
**Sent:** Wednesday, June 06, 2007 5:43 PM
**To:** nwasser@wasserlawfirm.com
**Cc:** WhiteLegalGrp@aol.com
**Subject:** Jean & Mildred Antoine Payment History

Good Evening Mr. Wasser;

I reviewed the Civil Docket for electronic filings with the D.C. Superior Court. The docket in this matter indicate that you received an electronic copy of my Client's Motion for Contempt. Also, the TRO is still in effective and will remain in effect until this matter is resolved. Attached is a spread sheet showing that Jean and Mildred Antoine are current on the mortgage on the property located at 3196 18th Street, NE, Washington, D.C. 20018 and exhibits to support this payment history. Thus, because the Antoines are current on their mortgage, any foreclosure proceedings will be illegal and will also violate the TRO that was issued by the District of Columbia Superior Court.

Sincerely,

L. Saundra White
Attorney for Jean and Mildred Antoine
(301) 538-2158

The information contained in this message from White Legal Group, LLC and any attachments are confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

Under U.S. Treasury regulations, we are required to inform you that any advice contained in this e-mail or any attachment hereto is not intended to be used, and cannot be used, to avoid penalties imposed under the Internal Revenue Code.

See what's free at AOL.com.

Exhibit 5

Subj:     **RE: Jean & Mildred Antoine Payment History**
Date:     6/10/2007 9:18:54 A.M. Eastern Daylight Time
From:     nathan@wasserlawfirm.com
To:       WhiteLegalGrp@aol.com
CC:       Kathryn.A.Moore@wellsfargo.com

Dear ms. White,
   I am told that draper and Goldberg checke d the file and found no c.o. extending the TRO. Sale took place as scheduled. The arbitration and trial are now moot.
   Nathan wasser

---

**From:** WhiteLegalGrp@aol.com [mailto:WhiteLegalGrp@aol.com]
**Sent:** Wednesday, June 06, 2007 5:43 PM
**To:** nwasser@wasserlawfirm.com
**Cc:** WhiteLegalGrp@aol.com
**Subject:** Jean & Mildred Antoine Payment History

Good Evening Mr. Wasser;

I reviewed the Civil Docket for electronic filings with the D.C. Superior Court. The docket in this matter indicate that you received an electronic copy of my Client's Motion for Contempt. Also, the TRO is still in effective and will remain in effect until this matter is resolved. Attached is a spread sheet showing that Jean and Mildred Antoine are current on the mortgage on the property located at 3196 18th Street, NE, Washington, D.C. 20018 and exhibits to support this payment history. Thus, because the Antoines are current on their mortgage, any foreclosure proceedings will be illegal and will also violate the TRO that was issued by the District of Columbia Superior Court.

Sincerely,

L. Saundra White
Attorney for Jean and Mildred Antoine
(301) 538-2158

The information contained in this message from White Legal Group, LLC and any attachments are confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

Under U.S. Treasury regulations, we are required to inform you that any advice contained in this e-mail or any attachment hereto is not intended to be used, and cannot be used, to avoid penalties imposed under the Internal Revenue Code.

---

See what's free at AOL.com.

*Exhibit 6*

Subj:    **Antoine Mildred**
Date:    6/7/2007 3:25:11 P.M. Eastern Daylight Time
From:    RitaT@drapgold.com
To:      WhiteLegalGrp@aol.com
CC:      coyas@drapgold.com

Ms. White:
As per my voice message, we are now handling this case for the lender. I noticed on the court docket report you recently filed a Motion for Contempt and Sanctions for violation of TRO. Can you please forward me a copy of your motion as well as the TRO which was allegedly violated. Thank you.

Rita Ting-Hopper Esq.
Draper & Goldberg PLLC
803 Sycolin Road
Suite 301 Leesburg, VA 20175
ph (703) 777-7101 x 6417
Direct dial 703 554-6417
fx (703) 995-4542

Exhibit 1

LAW OFFICES

**WASSER ASSOCIATES**
CUMBERLAND, MARYLAND 21502

NATHAN H. WASSER

301-759-2844
Fax 301-759-2847
E-mail: nwasser@wasserlawfirm.com

Admitted To Practice
DISTRICT OF COLUMBIA
MARYLAND
VIRGINIA
WEST VIRGINIA

OF COUNSEL:

NELSON M. MICHAEL
126 East Street
Keyser, WV 26726
304-788-6903
Fax 301-777-8351

March 30, 2007

Mr. Jean Antoine
Mrs. Mildred Antoine
3196 18th Street NE
Washington, DC 20018

and

11301 Classical Lane
Silver Spring, MD 20901

Re:    Property:    3196 18th Street NE, Washington, DC
US Bank National Association as Trustee for SG Mortgage Securities

Dear Mr. & Mrs. Antoine:

This office represents SG Mortgage Securities with respect to the matter of the reinstatement of the amounts owed to SG Mortgage Securities under promissory note and deed of trust secured by the captioned real property.

I am writing to you directly, since it is my understanding that your current counsel Anna G. Aita, Esquire, is withdrawing her representation of your interests. However, I am sending a copy of this correspondence to Ms. Aita so that she (or your successor counsel) will be aware of the fact that I have communicated with you directly.

As you are aware, there have been a number of reinstatement quotes given to you and your counsel during the past several months, resulting in the captioned Superior Court Civil Proceeding with respect to which mediation is scheduled for April 9, at 11 a.m. in the Superior Court Building. In anticipation of that mediation I am herewith providing you with an accurate reinstatement quote which has been calculated after a thorough and detailed review of your account.

The reinstatement amount is as follows:

| | | |
|---|---|---|
| Delinquent monthly mortgage payments for the period 9/1/06 – 12/01/06 | $2,547.53 | $10,190.12. |
| Delinquent monthly payments 1/1/07 – 4/1/07 | $2,646.46 | $10,585.84 |
| Fees and costs – attorney fees | | $600.00 |
| Title report, update and review | | $595.00 |
| Recording costs and Lien sheets | | $70.53 |
| Auctioneer Fee (non-refundable) | | $200.00 |
| Publication Costs | | $855.05 |
| Assignment preparation and recordation | | $83.50 |
| Title commitment | | $175.00 |

**Total costs and fees are $23,355.04**

Reinstatement is good through April 30, 2007.

I would very much appreciate hearing from you prior to April 9, 2007, if you dispute any amount stated in this letter or contend that any amounts stated in this letter have been paid. If you contend that they had been paid, then please provide me with a copy of the cancelled check, quick collect or money order by which your payment was made. Of course, if I hear nothing from you prior to you prior to then, I and a representative from SG Mortgage Securities will be present for mediation on April 9, 2007 as currently scheduled.

Very truly yours,

*Exhibit 8*

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

JEAN & MILDRED ANTOINE      :
11301 CLASSICAL LANE       :
SILVER SPRING, MD 20901    :
                                :
      Plaintiff,           :
                                :
v.                                :    Case No.: 2007 CA 000688 R (RP)
                                :
SG MORTGAGE SECURITIES    :
C/O DRAPER & GOLDBERG      :
803 SYCOLIN RD SUITE 301     :
LEESBURG, VA 20175         :
                                :
      Defendant.        :

### OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT

COMES NOW, Defendant U.S. Bank National Association, as Trustee for SG Mortgage

Securites Asset Backed Certificates by and through counsel and files its opposition to

Plaintiff's Motion for Contempt and in response states as follows:

    1.      On February 1, 2007, the court entered a temporary restraining order

enjoining a mortgage foreclosure pursuant to Rule 65 of the District of Columbia Court

Rules which injunction would expire on February 16, 2007.

    2.      On February 16, 2007, the Court held a status hearing and extended the

injunction for an additional (60) sixty days.

    3.      No further extensions are reflected either by docket entry or by entered

order of the Court. Pursuant the Court's ruling on February 16, 2007, the temporary

injunction expired April 17, 2007.

    4.      On June 07, 2007, the subject property was foreclosed and reverted to the

lender at auction.

*Exhibit 8(a)*

WHEREFORE, Defendant prays this Honorable Court deny the relief sought by

Plaintiff.

Respectfully submitted,

DRAPER & GOLDBERG, P.L.L.C.

/s/ James E. Clarke

L. Darren Goldberg, Bar No. 450336
James E. Clarke, Bar No. 460826
U.S Bank National Association, as Trustee
for SG Mortgage Securities Asset Backed
Certificate
Draper & Goldberg, P.L.L.C.
803 Sycolin Road, Suite 301
Leesburg, VA 20175
(703) 779-7508
Facsimile (703) 852-7050

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Opposition and Proposed

Order was mailed, postage prepaid, via first-class mail, this 25th day of June, 2007 to:

L. Saundra White
3540 Crane Highway, #107
Bowie, MD 20716
*Counsel for Debtor*

/s/ James E. Clarke

James E. Clarke

|  | DATE OF PAYMENT | AMOUNT OF PAYMENT |
|---|---|---|
| First Mortgage Amt to bring mortgage pymts current [insufficient to bring current – approximately Sept to Jan not including fees/costs] | 01/29/07 | 13195.68 (Exhibit 1) [returned to borrower 02-05-07] |
| 2nd Mortgage Amt to bring 2nd mortgage current [paid Sept. to Jan – Feb. not paid] | 02/05/07 | 3799.02 (Exhibit 2) |
| 1 st Mortgage | 03/28/07-Exh 3 | 2657.23 suspense |
| 2nd Mortgage | 03/28/07 –Exh 3 | 768.44 paid Feb |
| 1 st Mortgage | 04/27/07 –Exh 4 | 2657.23 suspense |
| 2nd Mortgage | 04/27/07 –Exh 4 | 768.44 paid Mar |
| 1 st Mortgage | 05/10/07 –Exh 5 | 2657.23 |
| 2nd Mortgage | 05/10/07 –Exh 5 | 768.44 paid Apr |
| Total |  | 27271.71 |

NOTE:   All monthly mortgage payments beginning in January 2007 for the 1 st and 2nd mortgage included late fees.

Exhibit 9

Page 1 of 1

Subj: **Antoine/ASC-Wells**
Date: 6/18/2007 12:23:25 P.M. Eastern Daylight Time
From: JamesEC@drapgold.com
To: WhiteLegalGrp@aol.com

Ms. White:

Ms. Ting-Hopper asked that I review the above file.  I believe I've come close to tracking all of Mr. and Ms. Antoine's payments.  I've made notations on the original payment summary you provided to Mr. Wasser.

The first issue is the check for $13195.68 which was returned to Mr. and Ms. Antoine as insufficient to reinstate. Are they still in possession of this check or these funds?  The check was almost enough to pay the September through January payments but did not include outstanding fees and costs and was returned on 02-05-07, signed for 02-06-07.

Additionally – no payments for the 1st or 2nd loan were tendered in February to make the February payments.

The monies dated 03-28-07 would have paid Feb. (as to the 1st loan – 2657.83 went to suspense as the $13K check had been returned)

The monies dated 04-27-07 would have paid Mar. (as to the 1st loan – 2657.83 went to suspense as the $13K check had been returned)

The monies dated 05-10-07 would have paid Apr. (as to the 2nd loan – 769.64 was applied on 05-16, I'm researching the balance intended for the 1st)

A reasonable resolution would seem to be to determine what the Antoine's did with the $13K returned to them. If they still have those funds, that would account for approximately 5 payments leaving the 1st due for May and June plus foreclosure fees and costs and the 2nd would also be due for May and June.

If a resolution can be reached in this regard, both loans would be back on track.  Please review with your client and advise as to your findings.  Assuming the $13K still exists, the matter should be able to be resolved fairly quickly.  I look forward to working with you.

I've also attached copies of my client's loan histories for both loans to assist in your review.

James E. Clarke
Attorney  - Director of Legal
Draper & Goldberg, PLLC
803 Sycolin Road, Suite 301
Leesburg, Virginia 20175
PH: (703) 777-7101
Direct: (703) 554-6403
FAX: (703) 852-7050
jamesec@drapgold.com
www.drapgold.com

This may be an attempt to collect a debt and any information obtained may be used for that purpose.

**Customer service is a top priority at Draper & Goldberg, PLLC  We encourage feedback and comments on our performance. For your convenience, we have included a link for direct feedback** comments@drapgold.com.  Draper & Goldberg, PLLC management reviews these emails on a daily basis and responds to concerns. Customer feedback also assists in our efforts to enhance the products and services we offer.

This E-mail message and its attachments, if any, are intended solely for the use of the addressee hereof. In addition, this message may contain information that is confidential, privileged and exempt from disclosure under applicable law.  If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating or otherwise using this transmission.  Delivery of this message to any person other than the intended recipient is not intended to waive any right or privilege.  If you have received this message in error, please promptly notify the sender by reply E-mail and immediately delete this message from your system.

*Exhibit 10*

Friday, November 16, 2007 America Online: WhiteLegalGrp



June 18, 2007
Shipper R1991X
Page 1 of 1

**ATTN :** NICOLE BECKER
**PHONE :** (703)777-7101

**DELIVERY NOTIFICATION**                                    **FAX RESPONSE**

**INQUIRY FROM:**    KAREN D SPRINT
                     DRAPER & GOLDBERG, PLLC
                     803 SYCOLIN RD RM 301
                     LEESBURG  VA 20175

**SHIPMENT TO:**    JEAN R. ANTOINE
                    MILDRED ANTOINE
                    3196 18TH ST NE
                    WASHINGTON DC 20018

Shipper Number................... R1991X          Tracking Identification Number...1ZR1991X0194899196

According to our records **1** parcel was delivered on **02/06/07** at **9:38 A.M.**, and left at **RESIDENTIAL**.
The shipment was signed for by **ANTOINE** as follows:

| SHIPPER NUMBER | PKG ID NO. | TRACKING NUMBER | ADDRESS (NO/STREET,CITY) | SIGNATURE |
|---|---|---|---|---|
| R1991X | | 1ZR1991X0194899196 | 3196 18TH ST NE WASHINGTON | |

*Exhibit 11*

UTA2270:000A0000

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JEAN AND MILDRED ANTOINE** | ) |
| | ) |
| Plaintiffs | ) |
| | ) CASE NO: <u>1:07-cv-0118</u> |
| v. | ) |
| | ) |
| **U.S. BANK NATIONAL ASSOCIATION, et. al.** **)** | |
| | ) |
| Defendants | ) |

**<u>AFFIDAVIT OF JEAN AND MILDRED ANTOINE</u>**

We, <u>Jean and Mildred Antoine</u> hereby make the following declarations:

1.  Our former counsel Anna Aita never provided us with any correspondence from Defendant Rita Ting-Hopper.

2. On or around  December 28, 2006, We received a letter dated December 22, 2006 from  Draper & Goldberg, PLLC indicating that America's Servicing Company (ASC)  requested it to foreclose on their real property located at 3196 18th Street, NE, Washington, DC 20018 .

3.  Our former counsel Anna Aita informed us that a Draper and Goldberg representative indicated that we should remit 13,195.68 to reinstate the first mortgage and $3,799.02 to cure the second mortgage.

4.  Our September 2006 mortgage payment was mailed directly to our former Mortgagee, Fremont Investment and Loan Company around the latter part of August 2006.

5.  Our former counsel never provided us with any written correspondence from Defendant Rita Ting-Hopper.

6. We received a second Foreclosure Notice dated January 30, 2007 informing us that the Foreclosure would be conducted on our real property on February 1, 2007.   Draper & Goldberg provided this notice to us and indicated that it was the debt collectors responsible for the foreclosure. This notice was sent to the address of our real property.

7. We never received a return of our 1ˢᵗ mortgage payment for $13,195.68. We also never received a return of our May 2007 mortgage payment.

8. The signature listed on Exhibit 11 is not the signature of Jean or Mildred Antoine.

9. Defendants Rita Ting-Hopper and Draper and Goldberg did not provide an accounting for our payment history until June 18, 2007, which was 11 days after the date of foreclosure.

10. Defendant Rita Ting-Hopper and Draper and Goldberg never remitted our January 29, 2007 mortgage payment of $13,195.68 to ASC..  Defendant Rita Ting-Hopper and Draper and Goldberg never verified the debt that was owed on our mortgage and never responded to our request for an accounting or verification of the alleged default balance.

We, Jean and Mildred Antoine hereby swear that the above declarations are true and correct to the best of our knowledge and information.

_02 - 08 - 08_
Date

_02 · 08 - 08_
Date

Jean Antoine

Mildred Antoine



*Rutura*

ASC
AMERICA'S SERVICING COMPANY
Return Mail Operations
P.O. Box 10388
Des Moines, IA 50306-0388

*Exhibit 13*

October 05, 2007

Mildred Antoine
11301 Classical Ln
Silver Spring MD 20901

Dear Mildred Antoine :

RE: Loan Number 1292010088                              Client 106

Enclosed please find your check(s) in the amount(s) of $3425.67.
We are returning the funds because they do not represent the total
amount due on your account.  Please be advised the return of these
funds shall not constitute a waiver of any remedy permitted under
the terms of your Mortgage or Deed of Trust.

Your loan is in a Foreclosure status at this time.  If you would
like to discuss the present condition of your loan, please
contact our attorney's office, DRAPER & GOLDBERG, PLLC,
at (703)777-7101.

Sincerely,

ASC
Foreclosure Department

FC025/SOA

ASC is required by the Fair Debt Collection
Practices Act to inform you that if your loan is currently delinquent
or in default, as your loan servicer, we will be attempting to collect
a debt, and any information obtained will be used for that purpose.
However, if you have received a discharge, and the loan was not

THIS MULTI-TONE AREA OF THE DOCUMENT CHANGES COLOR GRADUALLY AND EVENLY FROM DARK TO LIGHT WITH DARKER AREAS BOTH TOP AND BOTTOM

BB&T

First 129 2010088 - 2651.83
2nd 12 WFHM 010098 767.84

OFFICIAL CHECK

ISSUING BRANCH 2613701-SUBURBAN MD - HYATT
DATE SEPTEMBER 27, 2007

81089871

5-709/110

PAY TO THE    A. S. C.    OCT 05 2007
ORDER OF                                          $ ** $3,425.67 **

CASH RETURN T $3.425 DOLS 67 CTS  DOLLARS

BB&T OCT 03 2007    Sept Payment

ISSUED BY: MONEYGRAM PAYMENT SYSTEMS, INC.
P.O. BOX 9476, MINNEAPOLIS, MN 55480
DRAWEE: BOSTON SAFE DEPOSIT & TRUST CO., BOSTON, MASSACHUSETTS

DRAWER: BB&T
AUTHORIZED SIGNATURE

MEMO/PURCHASER JEAN R ANTOINE 3 MILDRED Antoine



**ASC**
AMERICA'S SERVICING COMPANY
Return Mail Operations
P.O. Box 10388
Des Moines, IA 50306-0388

September 04, 2007

Mildred Antoine
11301 Classical Ln
Silver Spring MD 20901

Dear Mildred Antoine :

RE: Loan Number 1292010088                              Client 106

Enclosed please find your check(s) in the amount(s) of $3425.67.
We are returning the funds because they do not represent the total
amount due on your account. Please be advised the return of these
funds shall not constitute a waiver of any remedy permitted under
the terms of your Mortgage or Deed of Trust.

Your loan is in a Foreclosure status at this time.  If you would
like to discuss the present condition of your loan, please
contact our attorney's office, DRAPER & GOLDBERG, PLLC,
at (703)777-7101.

Sincerely,

ASC
Foreclosure Department

FC025/SOA

ASC is required by the Fair Debt Collection
Practices Act to inform you that if your loan is currently delinquent
or in default, as your loan servicer, we will be attempting to collect

