UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JEAN AND MILDRED ANTOINE** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.1:07-cv-1518 |
| ) | |
| **U.S. Bank National Association, et al** ) | |
| ) | |
| ) | |
| Defendants ) | |

## JOINT RULE 16.3 STATEMENT

The parties, through counsel, hereby submit their Joint Initial Scheduling Conference Statement pursuant to L. Rule 16.3.

This case was filed by Plaintiffs Jean and Mildred Antoine on August 27, 2007 against seven defendants. Plaintiffs allege that Defendants U.S. Bank, NA, S. G. Mortgage Securities, LLC, Wells Fargo Bank, N.A., and America's Servicing Company (ASC) breached the Purchase Money Trust Contract and wrongfully foreclosed on their real property located at 3196 18th Street, N.E. Washington, D.C. Also, Plaintiffs allege that Defendants SG Mortgage Securities, LLC, Wells Fargo, and ASC violated the Real Estate Settlement Procedure Act with respect to the transfer and or assignment of their mortgage loan from Fremont Investment and Loan Company.

Plaintiffs further alleged that Defendant Draper and Goldberg were the debt collectors in this matter and Defendant violated the Fair Debt Collection Practice Act and a D. C. Superior Court Temporary Restraining Order when it foreclosed on the

Plaintiff's real property. Finally, Plaintiffs allege that all Defendants used false, deceptive, misleading information and unfair practices in the course of its efforts to enforce and collect the debt owed by the Plaintiffs in violation of the D.C. Consumer Protection Procedure Act. All Defendants have denied liability in this matter. This Court denied Plaintiffs' Default Motion against Rita Ting Hopper but granted Ting-Hopper's Motion to Dismiss.

1. The case is not likely to be disposed of through dispositive motions prior to discovery. Defendants anticipate filling dispositive motions after the close of discovery.

2. Pleadings shall be amended by June 27, 2008.

3. The parties do not stipulate to the assignment of a magistrate for all purposes. The parties defer to the Court on whether to assign a Magistrate Judge for purposes of resolving any discovery disputes.

4. There is not a realistic possibility of settling the case before discovery is closed.

5. The parties are open to the possibility of ADR after close of discovery.

6. The parties propose that mediation could take place within thirty (30) days after discovery is closed. Thereafter, dispositive motions can be filed within forty-five (45) days after mediation, any opposition would be filed within thirty (30) days and any reply within fifteen (15) days after the filing of an opposition.

7. The parties do not stipulate to waiving initial disclosures. Initial disclosures should be exchanged 14 days after the Meet and Confer Conference on or before June 10, 2008.

8. The parties propose seven (7) months for the discovery period after the Initial Conference, *i.e.* January 19, 2009. The parties agree to the presumptive limit of twenty-

2

five (25) interrogatories and ten (10) depositions per side.

9. The parties do not agree to modification of the exchange of expert disclosures. Plaintiff's expert designation shall be due sixty (60) days before close of discovery and Defendants' expert designation shall be due thirty (30) days before the close of discovery. All depositions of expert witnesses shall occur prior to the close of discovery.

10. Class actions – N/A.

11. The parties do not believe that discovery or trial should be bifurcated.

12. The pretrial conference should take place following the resolution of any dispositive motions. The parties anticipate that a trial date would be scheduled at the pretrial conference.

13. The parties agree that the Court should set a firm trial date at the pretrial conference.

14. This stipulation is reflected in the proposed order accompanying this Statement.

    Respectfully submitted,

    /s/ L. Saundra White, Esq.
    L. Saundra White
    Federal Bar #MD012370
    3540 Crain Highway #107
    Bowie, Maryland 20716
    (301) 574-3547
    (240) 455-6491 (fax)
    WhiteLegalGrp@aol.com
    Attorney for Plaintiffs

    /s/Thomas M. Hefferon
    Thomas M. Hefferon
    DC Bar No. 461750
    thefferon@goodwinprocter.com

/s/ Eric. J. Hager
Eric J. Hager
D.C. Bar No. 975861
ehager@goodwinprocter.com
Attorneys for Defendants ASC,
SG Mortgage Securities, LLC,
U. S. Bank, NA, Wells Fargo
Bank, N.A.

/s/ James E. Clarke
James E. Clarke, Esq. #460826
/s/ L. Darren Goldberg
L. Darren Goldberg, #450336
jamesec@drapgold.com
Draper & Goldberg, PLLC
803 Sycolin Road, Suite 301
Leesburg, Virginia 20175
(703) 777-7101
Attorneys for Draper & Goldberg
Attorney for Defendant
Draper & Goldberg

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEAN AND MILDRED ANTOINE** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**U.S. BANK, NA, et. al.** )<br>)<br>Defendants. )<br>) | No. <u>1:07-cv-01518</u> |

### INITIAL SCHEDULING ORDER

Pursuant to the Joint Rule 16.3 Statement of the parties, the statements of the parties at the Initial Scheduling Conference and good cause appearing **IT IS HEREBY ORDERED THAT:**

1. Any pleading shall be amended by June 27, 2008.

2. Discovery shall close on January 19, 2009. Plaintiffs' expert disclosures are due on November 19, 2008 and Defendants' expert disclosures are due on December 19, 2008. Depositions of expert witnesses shall occur prior to the close of discovery.

3. Mediation can be scheduled within thirty (30) days after the close of discovery or on or before February 18, 2009. Dispositive motions shall be due forty-five (45) days after any scheduled mediation or on or before April 6, 2009; Oppositions shall be due within thirty (30) days of any dispositive motion and replies shall be due within fifteen (15) days of any opposition.

4. This case shall be referred to the Court's ADR program after the close of

discovery.

      5.    The pretrial conference shall be set within 30 days after the resolution of dispositive motions.

_____
Ricardo M. Urbina
United States District Judge