# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JEAN ANTOINE *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 07-1518 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 82, 83 |
| | : | | |
| U.S. BANK NATIONAL | : | | |
| ASSOCIATION *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING THE CREDITOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;
### GRANTING THE GOLDBERG DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter stems from the foreclosure of a piece of real property located in Washington, D.C. The plaintiffs, Jean and Mildred Antoine, obtained a loan to purchase real property in Washington, D.C. They subsequently obtained two mortgages on the property; when the mortgages went unpaid, the property was foreclosed upon. The plaintiffs then brought suit against a number of individuals and companies who were involved with issuing the loan or foreclosing on the property, alleging that the loan and the foreclosure violated a number of state and federal laws. The defendants now move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Because the defendants have demonstrated that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law, the court grants their motions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In April 2006, the plaintiffs entered into a credit transaction with Fremont Investment and Loan ("Fremont") to purchase real property in Washington, D.C.  Compl. ¶ 6.  The plaintiffs obtained two mortgages on their property from Fremont.  *Id.* ¶ 7.  Later that year, Fremont sold the plaintiffs' mortgages to SG Mortgage Securities, LLC ("SG"), which designated Wells Fargo Bank National Association ("Wells Fargo") as the master servicer of the loan.  *Id.* ¶ 9.  Wells Fargo later delegated its servicing functions to its subsidiary, America's Servicing Company ("ASC").  *Id.*

In November 2006, the plaintiffs received a letter from ASC informing them that both of their mortgages were in default; as a result, they had accrued late fees and other default charges.  *Id.* ¶¶ 10-11.  After disputing the additional charges without success, the plaintiffs received a letter from ASC's law firm, Draper & Goldberg, PLLC ("Draper PLLC"), stating that the minimum balance required to cure their monetary obligations was $10,658.92.  *Id.* ¶ 15.  The letter also included a notice of foreclosure and indicated that L. Darren Goldberg ("Goldberg") was the designated contact person to stop the foreclosure sale.  *Id.*

Although the plaintiffs maintain that they continued to make timely payments throughout the relevant time period, in early January 2007, a Draper PLLC employee informed the plaintiffs' counsel that the plaintiffs owed ASC $16,994.70.  *Id.* ¶ 16.  The plaintiffs contend that they repeatedly requested that Draper PLLC send them certain information in writing and that Draper PLLC allegedly failed to do so.  *Id.* ¶ 17.  The defendants maintain, on the other hand, that the plaintiffs never made any such request.  Defs. Draper & Goldberg, PLLC & L. Darren Goldberg's Mot. for Summ. J. at 4-5.  The plaintiffs claim they had submitted a cashier's check for $13,195.68 in January 2007 to satisfy the amount owed on the first mortgage.  Compl. ¶ 17.

Soon thereafter, Draper PLLC sent the plaintiffs a second notice of foreclosure indicating that the foreclosure sale would occur on February 1, 2007 at 10:03 a.m. *Id.* ¶ 24. The plaintiffs claim they submitted a second cashier's check for $3,799.02 in February 2007 to satisfy the amount owed on the second mortgage. *Id.* ¶ 17.

Three days prior to the scheduled foreclosure sale, the plaintiffs filed a motion for a permanent injunction against SG in the Superior Court of the District of Columbia. *Id.* On February 1, 2007, the Superior Court granted a temporary restraining order ("TRO") until February 16, 2007, and the court later granted a temporary extension of sixty days. *Id.* ¶ 25. On April 30, 2007, Draper PLLC mailed a third notice of foreclosure to the plaintiffs that indicated that the foreclosure would take place on June 7, 2007. *Id.* ¶ 19. Finally, on June 7, 2007, Draper PLLC foreclosed on the plaintiffs' real property. *Id.* ¶ 21.

Two months after the June 7, 2007 foreclosure sale, the plaintiffs commenced this action. *See generally* Compl. The plaintiff alleges five substantive counts: Count I alleges that defendants SG, Wells Fargo and ASC violated the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. §§ 2605 *et seq. Id.* ¶¶ 23-29. Count II alleges that defendants SG, U.S. Bank National Association, Wells Fargo Bank and ASC committed a breach of contract. *Id.* ¶¶ 30-33. Count III alleges that defendants Draper & Goldberg, PLLC, and Darren Golberg, Esq. violated the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692 *et seq. Id.* ¶¶ 34-43. Count IV alleges that defendants Darren Goldberg, Esq. and SG committed fraud and intentional misrepresentation. *Id.* ¶¶ 44-51. Count V alleges that defendants U.S. Bank National Association, SG, Wells Fargo, ASC and Draper & Goldberg, PLLC violated the District of Columbia Consumer Protection Act, D.C. CODE §§ 28-3904 *et seq. Id.* ¶¶ 52-54.

In June 2010, two groups of defendants filed separate motions for summary judgment. First, Defendants Draper & Goldberg, PLLC and defendant L. Darren Goldberg ("the Goldberg defendants") filed a motion for summary judgment. *See generally* Goldberg Defs.' Mot. for Summ. J. ("Goldberg Defs.' Mot."). Second, defendants U.S. Bank National Association, SG, Wells Fargo and ASC ("the creditor defendants") filed a similar motion. *See generally* Creditor Defs.' Mot. for Summ. J. ("Creditor Defs.' Mot."). With these motions now ripe for adjudication, the court turns to the parties' arguments and the relevant legal standards.

## III.  ANALYSIS

### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine dispute" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make

a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006).  Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Greene*, 164 F.3d at 675.

### B.  The Court Grants Summary Judgment to the Defendants

The following analysis may be swiftly summarized: the defendants' motions for summary judgment are supported by affidavits, documentary evidence and cogent legal reasoning.  Accordingly, they have made a prima facie case for summary judgment by showing both their entitlement to judgment as a matter of law and the absence of any genuine dispute of material fact.  *See Celotex*, 477 U.S. at 324; *Bias v. Advantage Intern., Inc.*, 905 F.2d 1558, 1561 (D.C. Cir. 1990).

In contrast, the plaintiffs – who are represented by able counsel – have filed a largely unintelligible opposition that is free of evidence or citation to relevant law.  *See generally* Pls.' Opp'n.  The opposition consists of a few pages of unsubstantiated argument; styled as a

"plaintiffs response to the credited defendants statement of undisputed material facts,"[1] the

plaintiffs' counsel appears to have simply reiterated the complaint's allegations without citing to

the record or presenting evidence in admissible form.

In addition, the plaintiffs fail to address many of the defendants' arguments, leaving the

court little choice but to treat those arguments as conceded. *Lewis v. District of Columbia*, 2011

WL 321711, at *1 (D.C. Cir. Feb. 2, 2011); *Bonaccorsy v. District of Columbia*, 685 F. Supp. 2d

18, 24 (D.D.C. 2010). Because Rule 56 requires that the movant be "entitled" to summary

judgment, however, the court briefly discusses these remaining claims on in order to demonstrate

that the defendants have shown their entitlement to summary judgment.

### 1. A Reasonable Juror Could Not Conclude that Defendants SG, Wells Fargo and ASC Violated RESPA

The plaintiffs allege that defendants SG, Wells Fargo and ASC violated RESPA. *See*

Compl. ¶¶ 23-29. First, the plaintiffs allege in their complaint that defendant SG failed to timely

notify the plaintiffs that SG had purchased their mortgage loans from Fremont. Compl. ¶ 28.

The creditor defendants argue that SG sent the plaintiffs a timely notice on September 13, 2006,

Creditor Defs.' Mot. at 7-8, and provide a copy of the notice, *id.*, Ex. 1-A ("Walls Aff."); *id.*, Ex.

4. The plaintiffs now concede that timely notice was in fact given. *See* Pl.'s Opp'n at 12.

Accordingly, the court grants the creditor defendants summary judgment on this claim.

Second, the plaintiffs claim that defendants Wells Fargo and ASC failed to notify the

plaintiffs in writing at least 15 days before transferring the loan. Compl. ¶ 28. The creditor

---

[1] The opposition is notably replete with typographical errors. Among the more prominent faults is the plaintiff's indication that they initially sought a "pulmonary injunction," Pl.'s Opp'n at 23, the fact that their case was dismissed at Superior Court for "water prosecution," *id.* at 2, and a number of other malapropisms that rival those uttered by Shakespeare's Constable Dogberry. *See, e.g.*, MUCH ADO ABOUT NOTHING, Act IV., Scene 2 ("O villain! Thou wilt be condemned into everlasting redemption for this!").

defendants maintain, however, that the plaintiffs received timely notice of the transfer.  Creditor

Defs.' Mot. at 7.  The plaintiffs deny that any notice was given.  *See* Pl.'s Opp'n at 11-12.

RESPA requires the transferor of a loan to provide notice to the borrower at least fifteen

days before the transfer takes place.  12 U.S.C. § 2605(b)(1)-(2).  The creditor defendants have

put forth a copy of the notice that was given in April 2006, several months before the loan was

transferred.  Walls Aff., Ex. 3.  The plaintiffs do not respond to the defendants' motion with any

affidavits or admissible evidence.  *See generally* Pls.' Opp'n.  Rather, the plaintiffs generally

deny that notice was given.  *Id.* at 11.  Of course, mere denials of the adverse party's properly

supported arguments are not enough to prevent the issuance of summary judgment.  *See*

*Anderson*, 477 U.S. at 259.  The court therefore concludes that the defendants' evidence is not

meaningfully controverted by the plaintiff's unsubstantiated denials.  Because no genuine factual

dispute remains with respect to this RESPA claim, the court grants summary judgment to the

creditor defendants.

Third, the plaintiffs claim that the defendants Wells Fargo and ASC violated RESPA by

failing to respond to the plaintiffs' written requests for information regarding late fees and other

charges.  Compl. ¶ 28.  The defendants contend that the plaintiffs never provided a written

request regarding late fees and other changes.  Creditor Defs.' Mot. at 8.  The plaintiffs do not

respond to this argument.  *See generally* Pls.' Opp'n.  If a party fails to address an argument that

is put forth in a dispositive motion, that argument may be deemed conceded.  *Lewis*, 2011 WL

321711, at *1.  Accordingly, the court grants the creditor defendants' motion for summary

judgment on this claim.

Fourth, the plaintiffs claim that the defendants charged them late fees within a 60-day grace period that began on the effective date of transfer.[2]  Compl. ¶¶ 28-29.  The creditor defendants argue that the plaintiffs were never charged any late fees.  Walls Aff., Ex. 5.  The plaintiffs again fail to contest the defendants' argument, and this claim is thus conceded as well.

Fifth, the plaintiffs claim that the defendants improperly reported late payments and other charges to various consumer reporting agencies.  *Id.*  The defendants argue that no such information was ever shared, Creditor Defs.' Mot. at 8, and the plaintiffs fail to address the issue in their opposition, *see generally* Pls.' Opp'n.  Accordingly, this claim is also deemed conceded.

In sum, the court determines that the creditor defendants' arguments are supported by affidavits and documentary evidence, whereas the plaintiffs have either ignored these arguments in their entirety or failed to substantiate their opposition to them.  Accordingly, the court concludes that no reasonable juror could find in favor of the plaintiffs and grants summary judgment to the defendants.

## 2.  The Plaintiffs Have Conceded Their Breach of Contract Claim

The plaintiffs allege that defendants SG, U.S. Bank National Association, Wells Fargo and ASC committed breach of contract by refusing to accept loan payments, thereby accelerating the loan payments and eventually foreclosing on the real property.  Compl. ¶¶ 30-33.  The defendants argue that there was no such breach; rather, the defendants argue that they legally foreclosed on the property after the plaintiffs failed to pay their loans.  Creditor Defs.' Mot. at 7 n.1.  The creditor defendants put forth affidavits and documentary evidence in support of their arguments.  *See* Walls Aff., Ex. 1 ¶ 7; *id.*, Ex. 2.  The plaintiffs provide neither argument nor evidence to contest the defendants' position.  *See generally* Pls.' Opp'n.  This court is satisfied

---

[2]      The plaintiffs do not specify which defendants were responsible for charging late fees.  *See* Compl. ¶¶ 28-29.

both that there is merit to the defendants' argument and that the plaintiffs have presented no

evidence to support their claim.  Accordingly, the court grants summary judgment to the creditor

defendants on the plaintiffs' breach of contract claim.

### 3.  The Plaintiffs Have Conceded Their Fair Debt Collection Practice Act Claim

The plaintiffs allege that defendants Draper & Goldberg, PLLC, and Darren Goldberg,

Esq. violated the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692 *et seq.*, by failing to

verify the debt and making improper demands for payment.  Compl. ¶¶ 34-43.  The Goldberg

defendants argue that there is no evidence to suggest that either of these things took place.

Goldberg Defs.' Mot. at 7.  The plaintiffs do not respond to this argument, and the court thus

deems the defendants' argument to be conceded.  Consequently, the court grants the Goldberg

defendants' motion for summary judgment.

### 4.  The Plaintiffs Have Conceded Their Fraud Claim

The plaintiffs allege that defendants Darren Goldberg, Esq. and SG committed fraud and

intentional misrepresentation.  *See* Compl. ¶¶ 44-51.  The defendants argue that they never made

any false representations, nor did they make any statements with any intent to defraud.  Goldberg

Defs.' Mot at 12; Creditor Defs.' Mot at 9 n.5.  The plaintiffs do not respond to this argument,

and the court thus deems it conceded.  *Lewis*, 2011 WL 321711, at *1.  Accordingly, the court

grants summary judgment to the defendants on this claim.

### 5.  The Plaintiffs Have Conceded Their D.C. Consumer Protection Act Claim

The plaintiffs allege that defendants U.S. Bank National Association, SG, Wells Fargo,

ASC and Draper & Goldberg, PLLC violated the DCCPA.  Compl. ¶¶ 52-54.  The plaintiffs

specifically claim that the defendants engaged in false, deceptive and misleading conduct when

enforcing and collecting the debt owed by the plaintiffs.  *Id.*  The defendants counter that the

DCCPA does not apply to the transaction at issue because the property was not intended for the plaintiff's personal use. *See* Creditor Defs.' Mot. at 10; Goldberg Defs.' Mot. at 14. The DCCPA does not apply to commercial dealings outside the consumer sphere. *Ford v. Chartone, Inc.*, 908 A.2d 72, 80-81 (D.C. 2006). The DCCPA only applies, therefore, where the transaction at issue is primarily for personal use. *Shaw v. Marriott Int'l, Inc.*, 2010 WL 2134277, at *3 (D.C. Cir. May 28, 2010). The defendants argue that the loan at issue was not a consumer transaction, a point that the plaintiffs do not contest. *See generally* Pls.' Opp'n. Because the defendants' argument has been conceded, *Lewis*, 2011 WL 321711, at *1, summary judgment must be granted to the defendants on this claim as well.

In sum, the court is mindful of summary judgment's "central purpose": to weed out those cases that are insufficiently meritorious to warrant the expense of a jury trial. *Greene*, 164 F.3d at 675. The filings before the court comprehensively refute any contention that the plaintiffs' claims are suitable for trial. To illustrate, threadbare content of the plaintiff's filings may have survived a motion to dismiss – but even then, just barely. In contrast, once the defendants filed their well-supported motions for summary judgment, the plaintiff was required to respond in kind. Instead, the plaintiff chose not to respond to a majority of the defendants' arguments; furthermore, those arguments which the plaintiff chose to address were woefully bare of supporting evidence or facts in the record. Accordingly, the court is required to grant summary judgment to the defendants on all claims.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the creditor defendants' motion for summary judgment. In addition, the court grants the Goldberg Defendants' motion for summary judgment.

An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 24th day of October, 2010.

RICARDO M. URBINA
United States District Judge